IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Dan Wang, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:21-cv-01664 |
| v. | ) |
| | ) |
| The Partnerships and Unincorporated | ) |
| Associations Identified on Schedule "A", | ) |
| | ) |
| Defendants. | ) |

## Complaint

**NOW COMES** Plaintiff Dan Wang, by and through its undesigned counsel and hereby brings the present action against The Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants") and alleges as follows:

### Introduction

**1.** This action has been filed by Plaintiff to combat online counterfeiters who trade upon Plaintiff's commercial reputation and goodwill by offering for sale and/or selling unauthorized and unlicensed counterfeit products, including hair care products, using counterfeit versions of Plaintiff's federally registered trademark ("Counterfeit JIANGWANG Products").

**2.** Defendants create fully interactive, commercial Internet stores operating under at least the online marketplace accounts identified in **Schedule A,** attached hereto (collectively, "Defendant Online Stores"), that are intentionally designed to appear to be selling genuine JIANGWANG products, while actually selling Counterfeit JIANGWANG Products to unknowing consumers.

**3.** The Defendant Online Stores share identifiers, such as using identical or slightly-modified (e.g., carefully blurred) product photographs, and design elements and similarities of the counterfeit products offered for sale, establishing a logical relationship between them and suggesting

1

that Defendants' counterfeiting operation arises out of the same transaction, occurrence, or series of transactions or occurrences.

4. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their counterfeiting operation. Plaintiff is forced to file this action to combat Defendants' counterfeiting of the registered JIANGWANG trademark ("JIANGWANG Mark"), as well as to protect unknowing consumers from purchasing Counterfeit JIANGWANG Products over the Internet.

5. Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of Plaintiff's valuable trademark as a result of Defendants' actions and accordingly seeks injunctive and monetary relief.

## Jurisdiction and Venue

6. This Court has original subject matter jurisdiction over the claims in this action pursuant to 15 U.S.C. § 1051, *et seq.*, and 28 U.S.C. §§ 1331, 1338(a)-(b).

7. This Court has jurisdiction over the claims herein arising under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants because each Defendant directly targets its business activities toward consumers in the United States, including Illinois and this Judicial District. Defendants reach out to do business with residents of Illinois and this Judicial District by operating one or more commercial, fully-interactive Defendant Online Stores through which residents of Illinois and this Judicial District can purchase products being offered and sold under counterfeit versions of Plaintiff's federally registered trademark. Each Defendant has targeted sales from residents of Illinois

2

and this Judicial District by operating a Defendant Online store that accepts payment in U.S. dollars and offers shipping to addresses within Illinois and this Judicial District for products offered with counterfeit versions of Plaintiff's federally registered trademark. Each Defendant has committed and is committing tortious acts in Illinois and this Judicial District, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## Parties

9. Plaintiff specializes in the creation, manufacture, marketing, and licensing of products which display Plaintiff's internationally recognizable and federally registered trademark (collectively, "Plaintiff's Products").

10. Plaintiff is the owner and licensor of all of Plaintiff's Products that are available at Jiangwang.us.

11. Plaintiff has invested substantial resources, time, money, and commercial efforts in order to establish the goodwill of Plaintiff's Products and the JIANGWANG Mark. The success of Plaintiff's business enterprise is dependent and a result of Plaintiff's effort to market, promote, and advertise online via e-commerce.

12. The success of Plaintiff's Products additionally stems from sales to consumers and interest that Plaintiff's consumers have generated.

13. As a result of the efforts of Plaintiff, the quality of Plaintiff's Products, the promotional efforts for Plaintiff's products and designs, the members of the public have become familiar with Plaintiff's Products and JIANGWANG Mark and associate Plaintiff's Products and the JIANGWANG Mark exclusively with Plaintiff.

14. Plaintiff has made efforts to protect Plaintiff's interests in and to Plaintiff's JIANGWANG Mark. Plaintiff is the only business and/or individual authorized to manufacture, import, export, advertise, offer for sale, or sell any goods utilizing the JIANGWANG Mark, without

the express written permission of Plaintiff. Plaintiff has not licensed or authorized Defendants to use the JIANGWANG Mark.

15. Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of the fully interactive, commercial online marketplaces operating under the Defendant Online Stores. Each Defendant targets the United States, including Illinois and this Judicial District, and has offered to sell and, on information and belief, has sold and continues to sell Counterfeit JIANGWANG Products to consumers within the United States, including the State of Illinois and this Judicial District.

16. On information and belief, Defendants are an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell products using counterfeit versions of the JIANGWANG Mark in the same transaction, occurrence, or series of transactions or occurrences. Tactics used by Defendants to conceal their identities and the full scope of their counterfeiting operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their counterfeit network. In the event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend this Complaint.

**Plaintiff's Business**

17. Since 2015, Plaintiff's sold a variety of products related to hair care, all of which bear the stylized design mark displayed in paragraph 20 that roughly translates to "JIANGWANG". JIANGWANG has no meaning in a foreign language.

18. Plaintiff has spent considerable resources growing and protecting the JIANGWANG brand.

19. Plaintiff is the owner of all rights, title, and interest in and to the JIANGWANG Mark.

20. Plaintiff uses Plaintiff's JIANGWANG Mark in connection with the marketing of Plaintiff's Products and has registered the JIANGWANG Mark with the United States Patent and Trademark Office on the Principal Register, as set forth below:

| Registration Number | Trademark | Goods and Services |
|---|---|---|
| 6,151,499 | 姜王<br><br>Translated: "JIANGWANG" | For: Essential oils; Hair nourishers; Hair oils; Hair tonics. class 003. |

21. The above U.S. registration for the JIANGWANG Mark is valid, subsisting, and in full force and effect. The registration for the JIANGWANG Mark constitutes *prima facie* evidence of its validity and of Plaintiff's exclusive right to use the JIANGWANG Mark pursuant to 15 U.S.C. § 1057(b). A true and correct copy of the United States Registration Certificate for the above-listed JIANGWANG Mark is attached hereto as **Exhibit A**.

22. Plaintiff has built substantial goodwill in and to the JIANGWANG Mark which is a well-known and valuable asset of Plaintiff.

23. Plaintiff has continuously used the JIANGWANG Mark in interstate commerce in connection with the sale, distribution, promotion, and advertising of genuine JIANGWANG products since February 18, 2015.

24. Genuine JIANGWANG products have become very popular, driven by Plaintiff's elevated quality standards and innovative designs. Genuine JIANGWANG Products are instantly recognizable among the consuming public and the JIANGWANG Mark identifies, in the United States and around the world, high quality hair care products offered by Plaintiff.

25. Genuine JIANGWANG Products have been promoted and sold at Plaintiff's JIANGWANG.US e-commerce website. Sales of the JIANGWANG products have been significant,

and Plaintiff's Jiangwang.us e-commerce website features proprietary content, images, and designs exclusive to the JIANGWANG brand. An example listing of Plaintiff's genuine JIANGWANG product is attached hereto as **Exhibit B**.

26. As a result of Plaintiff's long-standing use of Plaintiff's JIANGWANG Mark in association with Plaintiff's high-quality products, extensive sales, and significant marketing activities, the JIANGWANG Mark has achieved widespread acceptance and recognition among the consuming public and throughout U.S. interstate commerce.

27. The JIANGWANG Mark is exclusive to Plaintiff and appears clearly on all JIANGWANG product packaging and related advertisements. Plaintiff has expended substantial time, money, and other resources to develop, advertise, promote, and protect the JIANGWANG Mark. Accordingly, products bearing the JIANGWANG Mark are widely recognized and exclusively associated by the consuming public and the industry as being high-quality essential oils, hair oils, tonics, and nourishers sourced from Plaintiff, and the JIANGWANG Mark is famous throughout the United States.

28. The JIANGWANG Mark is distinctive when used in association with the sale of Plaintiff's hair care products, signifying to the purchaser that the products come exclusively from Plaintiff and are made to Plaintiff's material specifications.

## Defendants' Unlawful Conduct

29. Marketplaces like Amazon, iOffer, eBay, Wish, Joom, Vova, and AliExpress, among others, allow merchants to quickly "set up shop" and flood the market with unauthorized goods which displace actual sales manufacturers would otherwise enjoy.

30. It has been estimated that e-commerce intellectual property infringement costs merchants in the U.S. alone nearly $41 billion[1] with Department of Homeland Security seizures of infringing goods increasing more than tenfold between 2000 and 2018.[2]

31. U.S. Customs and Border Protection ("CBP") reported that for Fiscal Year 2019, 90% of all CBP intellectual property seizures were smaller international mail and express shipments (as opposed to large cargo containers) and 85% of CBP seizures originated from mainland China, Singapore, and Hong Kong.[3]

32. Legislation was recently introduced in the U.S. Senate that would allow CBP to seize articles that infringe design patents, thus closing a loophole currently exploited by infringers.[4]

33. Infringing and pirated products account for billions in economic losses, resulting in tens of thousands of lost jobs for legitimate businesses and broader economic losses, including lost tax revenue.

34. Third party service providers like those used by Defendants do not adequately subject new sellers to verification and confirmation of their identities, allowing infringers to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms."[5]

---

[1] The National Bureau of Asian Research, The Report of the Commission on the Theft of American Intellectual Property, at 9, Pub. The Commission on the Theft of American Intellectual Property 2017, available at http://www.ipcommission.org/report/IP_Commission_Report_Update_2017.pdf.

[2] U.S. Department of Homeland Security, *Combating Trafficking in Counterfeit and Pirated Goods Report to the President of the United States*, January 24, 2020, available at https://www.dhs.gov/sites/default/files/publications/20_0124_plcy_counterfeit-pirated-goods-report_01.pdf.

[3] U.S. Customs and Border Protection Office of Trade, Intellectual Property Rights Fiscal Year 2019 Seizure Statistics, available at, https://www.cbp.gov/sites/default/files/assets/documents/2020-Sep/FY%202019%20IPR%20Statistics%20Book%20%28Final%29.pdf.

[4] Press Release, U.S. Senator Thom Tillis, Tillis, Coons, Cassidy & Hirono Introduce Bipartisan Legislation to Seize Counterfeit Products and Protect American Consumers and Businesses (Dec. 5, 2019), available at https://www.tillis.senate.gov/2019/12/tillis-coons-cassidy-hirono-introduce-bipartisan-legislationto-seize-counterfeit-products-and-protect-american-consumers-and-businesses.

[5] Daniel C.K. Chow, *Alibaba, Amazon, and Counterfeiting in the Age of the Internet*, 40 NW. J. INT'L L. & BUS. 157, 186 (2020).

35. DHS has observed that for "at least some e-commerce platforms, little identifying information is necessary for [an infringer] to begin selling" and recommended that "[s]ignificantly enhanced vetting of third-party sellers" is necessary. Infringers hedge against the risk of being caught and having their websites taken down from an e-commerce platform by preemptively establishing multiple virtual storefronts.[6]

36. Since platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, infringers can have many different profiles that can appear unrelated even though they are commonly owned and operated.[7]

37. Further, "E-commerce platforms create bureaucratic or technical hurdles in helping brand owners to locate or identify sources of [infringement]."[8]

38. The success of Plaintiff's JIANGWANG Mark has resulted in substantial counterfeiting activity and other attempts to misappropriate Plaintiff's proprietary rights. Accordingly, Plaintiff has policed the use of Plaintiff's JIANGWANG Mark and has identified many online product listings on marketplaces such as Amazon.com, eBay.com, and other Internet locations offering for sale and selling Counterfeit JIANGWANG Products to consumers throughout the United States including this Judicial District.

39. Defendants enable and facilitate sales of the Counterfeit JIANGWANG Products by presenting the Defendant Online Stores as legitimate resellers using standardized product listing layouts and terminology. On information and belief, Plaintiff has not licensed or authorized Defendants to use Plaintiff's JIANGWANG Mark and none of the Defendants are authorized retailers of genuine JIANGWANG Products.

---

[6] *Combating Trafficking in Counterfeit and Pirated Goods Report to the President of the United States*, at p. 22.
[7] Id., at p. 39.
[8] *Alibaba, Amazon, and Counterfeiting in the Age of the Internet*, 40 NW. J. INT'L L. & BUS. at 186-187.

40. Different Defendants utilize different methods to deceive unknowing consumers. Some Defendants will use the JIANGWANG Marks, without authorization, in the product description, titles, or meta tag of their store listings to attract consumers who are searching for JIANGWANG Products. Other Defendants will reproduce the JIANGWANG Mark within their product listing images.

41. Defendants take pains to conceal their identities from the public, almost invariably using store names and addresses which do not identify Defendants. Defendants may operate several stores simultaneously, using fictitious identities such as those listed in **Schedule A**, as well as other fictitious names and addresses. Moreover, counterfeiters like Defendants will often register new store accounts under new fictitious names when they receive notice that one or more stores have been the subject of a lawsuit. The use of these store registration schemes is one of several ways in which Defendants, to avoid being shut down, conceal their true identities and the inner workings of their counterfeit operations.

42. Despite Defendants operating under multiple fictitious names, their stores bear numerous similarities. Counterfeit JIANGWANG Products bear similar irregularities and indicia of being counterfeit to one another, which suggests that the products were manufactured and/or supplied by a common source and that the Defendants selling them are interrelated. Moreover, the Defendant Online Stores use other common means to sell the Counterfeit JIANGWANG Products including, without limitation, using the same payment processors, obfuscated contact information, identically or similarly priced items, incorrect grammar and spellings within the product listings, and the use of the same listing text and images taken from Plaintiff's own storefronts.

43. Counterfeiters like Defendants will typically ship counterfeit products in small quantities via international mail to mitigate detection by U.S. Customs and Border Protection. Further, they will typically operate multiple credit card merchant accounts (e.g., PayPal) or use layers of

payment gateways to forestall their cashflow being interrupted due to trademark enforcement efforts. On information and belief, Defendants utilize offshore bank accounts and routinely move funds from PayPal and other U.S.-based merchant accounts (e.g., within China) outside the jurisdiction of this Court.

44. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used and continue to use the JIANGWANG Marks in connection with the advertisement, distribution, offering for sale, and sale of Counterfeit JIANGWANG Products into the United States and into Illinois over the Internet.

45. Each Defendant offers shipping to the United States, including, specifically Illinois. On information and belief, each Defendant has sold Counterfeit JIANGWANG Products into the United States and the state of Illinois.

46. Defendants' unauthorized use of the JIANGWANG Mark in connection with the advertising, distribution, offering for sale, and sale of Counterfeit JIANGWANG Products, including with respect to the sale of such products into the United States, including specifically Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

**Count I - Trademark Infringement and Counterfeiting (15 U.S.C. § 1114)**

47. Plaintiff repeats, re-alleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 46.

48. Plaintiff's trademark infringement claims against Defendants are based on their unauthorized use in commerce of counterfeit imitations of the federally-registered JIANGWANG Mark in connection with the advertising, distribution, offering for sale, and sale of infringing goods.

49. The JIANGWANG Mark is a distinctive mark, and consumers have come to expect superior quality from JIANGWANG Products advertised, distributed, offered, or sold under the JIANGWANG Mark.

50. Defendants have advertised, distributed, offered to sell, sold, and are still advertising, distributing, offering to sell, and selling products using counterfeit reproductions of the JIANGWANG Mark without Plaintiff's permission.

51. Plaintiff is the exclusive owner of the JIANGWANG Mark. Plaintiff's registration for the JIANGWANG Mark is in full force and effect.

52. Upon information and belief, Defendant are aware and have knowledge of Plaintiff's rights in the JIANGWANG Mark and are willfully infringing it and intentionally using counterfeit reproductions thereof.

53. Defendants' willful, intentional, and unauthorized use of the JIANGWANG Mark is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Counterfeit JIANGWANG Products among the general public.

54. Defendants' activities constitute willful trademark infringement and counterfeiting under 15 U.S.C. § 1114.

55. Plaintiff has no adequate remedy at law and will suffer irreparable harm to Plaintiff's reputation and goodwill of Plaintiff's well-known JIANGWANG Mark if Defendants' actions are not enjoined.

56. Defendants' wrongful advertisement, offering to sell, and sale of Counterfeit JIANGWANG Products have directly and proximately caused injuries and damage to Plaintiff.

### Count II - False Designation of Origin (15 U.S.C. § 1125(a))

57. Plaintiff repeats, re-alleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 46.

58. Defendants' advertising, distribution, offering for sale, and sale of Counterfeit JIANGWANG Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' Counterfeit JIANGWANG Products by Plaintiff.

59. By using the JIANGWANG Marks in association with the advertising, distribution, offering for sale, and sale of the Counterfeit JIANGWANG Products, Defendants create a false designation of origin and a misleading representation of fact as to the true origin and sponsorship of the Counterfeit JIANGWANG Products.

60. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Counterfeit JIANGWANG Products to the general public involves the willful use of counterfeit marks and is a willful violation of 15 U.S.C. § 1125.

61. Plaintiff has no adequate remedy at law and will suffer irreparable harm to Plaintiff's reputation and goodwill of its well-known JIANGWANG Mark if Defendants' actions are not enjoined.

**Count III - Violation of the Uniform Deceptive Trade Practices Act (815 ILCS § 510, et seq.)**

62. Plaintiff repeats, re-alleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 46.

63. Defendants have engaged in acts which violate Illinois law including, without limitation: passing off their Counterfeit JIANGWANG Products as those of Plaintiff; causing a likelihood of confusion and/or misunderstanding as to the source of their goods; causing a likelihood of confusion and/or misunderstanding as to the affiliation, connection, or association with genuine JIANGWANG products; representing that their products have Plaintiff's approval when they do not; and engaging in other conduct as described herein which creates a likelihood of confusion or misunderstanding among the public.

64. Defendants' foregoing acts constitute willful violations of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, et seq.

65. Plaintiff has no adequate remedy at all and will suffer irreparable harm to Plaintiff's reputation and goodwill of Plaintiff's well-known JIANGWANG Mark if Defendants' actions are not enjoined.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Dan Wang, prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. Using the JIANGWANG Mark or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine JIANGWANG Product or is not authorized by Plaintiff to be sold in connection with the JIANGWANG Mark;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine JIANGWANG Product or any other product produced by Plaintiff that is not Plaintiff's or is not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the JIANGWANG Mark;

   c. committing any acts calculated to cause consumers to believe that Defendants' Counterfeit JIANGWANG Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

   d. further infringing the JIANGWANG Mark and damaging Plaintiff's goodwill; and

  e. manufacturing, shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the JIANGWANG Mark, or any reproductions, counterfeit copies, or colorable imitations thereof;

 **2)** Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as Amazon and eBay, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, and Internet search engines such as Google, Bing, and Yahoo (collectively, "Third Party Providers") shall:

  a. disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods using the JIANGWANG Mark;

  b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the JIANGWANG Mark; and

  c. take all steps necessary to prevent links to the Defendant Online Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Online Stores from any search index;

 **3)** That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the JIANGWANG Mark be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

**4)** In the alternative, that Plaintiff be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the JIANGWANG Mark;

**5)** That Plaintiff be awarded Plaintiff's reasonable attorneys' fees and costs; and

**6)** Award any and all other relief that this Court deems just and proper.

Dated: March 27, 2021

    Respectfully submitted,

    /s/Ilya G. Zlatkin
    Ilya G. Zlatkin (ARDC No. 6314344)
    Zlatkin Wong LLP
    4245 N. Knox Ave.
    Chicago, IL 60641
    ilya@zlatkinwong.com
    Ph. (312) 809-8022
    Fax (312) 809-6918

    *Counsel for Plaintiff Dan Wang*