Exhibit 1

# 14. CONVENTION ON THE SERVICE ABROAD OF JUDICIAL AND EXTRAJUDICIAL DOCUMENTS IN CIVIL OR COMMERCIAL MATTERS

*(Concluded 15 November 1965)*

The States signatory to the present Convention,

Desiring to create appropriate means to ensure that judicial and extrajudicial documents to be served abroad shall be brought to the notice of the addressee in sufficient time,

Desiring to improve the organisation of mutual judicial assistance for that purpose by simplifying and expediting the procedure,

Have resolved to conclude a Convention to this effect and have agreed upon the following provisions:

### Article 1

The present Convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad.

This Convention shall not apply where the address of the person to be served with the document is not known.

## CHAPTER I – JUDICIAL DOCUMENTS

### Article 2

Each Contracting State shall designate a Central Authority which will undertake to receive requests for service coming from other Contracting States and to proceed in conformity with the provisions of Articles 3 to 6.

Each State shall organise the Central Authority in conformity with its own law.

### Article 3

The authority or judicial officer competent under the law of the State in which the documents originate shall forward to the Central Authority of the State addressed a request conforming to the model annexed to the present Convention, without any requirement of legalisation or other equivalent formality.

The document to be served or a copy thereof shall be annexed to the request. The request and the document shall both be furnished in duplicate.

### Article 4

If the Central Authority considers that the request does not comply with the provisions of the present Convention it shall promptly inform the applicant and specify its objections to the request.

### Article 5

The Central Authority of the State addressed shall itself serve the document or shall arrange to have it served by an appropriate agency, either –
a) by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory, or
b) by a particular method requested by the applicant, unless such a method is incompatible with the law of the State addressed.

Subject to sub-paragraph *(b)* of the first paragraph of this Article, the document may always be served by delivery to an addressee who accepts it voluntarily.

If the document is to be served under the first paragraph above, the Central Authority may require the document to be written in, or translated into, the official language or one of the official languages of the State addressed.

That part of the request, in the form attached to the present Convention, which contains a summary of the document to be served, shall be served with the document.

### Article 6

The Central Authority of the State addressed or any authority which it may have designated for that purpose, shall complete a certificate in the form of the model annexed to the present Convention.

The certificate shall state that the document has been served and shall include the method, the place and the date of service and the person to whom the document was delivered. If the document has not been served, the certificate shall set out the reasons which have prevented service.

The applicant may require that a certificate not completed by a Central Authority or by a judicial authority shall be countersigned by one of these authorities.

The certificate shall be forwarded directly to the applicant.

### Article 7

The standard terms in the model annexed to the present Convention shall in all cases be written either in French or in English. They may also be written in the official language, or in one of the official languages, of the State in which the documents originate.

The corresponding blanks shall be completed either in the language of the State addressed or in French or in English.

### Article 8

Each Contracting State shall be free to effect service of judicial documents upon persons abroad, without application of any compulsion, directly through its diplomatic or consular agents.

Any State may declare that it is opposed to such service within its territory, unless the document is to be served upon a national of the State in which the documents originate.

### Article 9

Each Contracting State shall be free, in addition, to use consular channels to forward documents, for the purpose of service, to those authorities of another Contracting State which are designated by the latter for this purpose.

Each Contracting State may, if exceptional circumstances so require, use diplomatic channels for the same purpose.

### Article 10

Provided the State of destination does not object, the present Convention shall not interfere with –
- a) the freedom to send judicial documents, by postal channels, directly to persons abroad,
- b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,
- c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

### Article 11

The present Convention shall not prevent two or more Contracting States from agreeing to permit, for the purpose of service of judicial documents, channels of transmission other than those provided for in the preceding Articles and, in particular, direct communication between their respective authorities.

Article 12

The service of judicial documents coming from a Contracting State shall not give rise to any payment or reimbursement of taxes or costs for the services rendered by the State addressed.
The applicant shall pay or reimburse the costs occasioned by –-
a) the employment of a judicial officer or of a person competent under the law of the State of destination,
b) the use of a particular method of service.

Article 13

Where a request for service complies with the terms of the present Convention, the State addressed may refuse to comply therewith only if it deems that compliance would infringe its sovereignty or security.
It may not refuse to comply solely on the ground that, under its internal law, it claims exclusive jurisdiction over the subject-matter of the action or that its internal law would not permit the action upon which the application is based.
The Central Authority shall, in case of refusal, promptly inform the applicant and state the reasons for the refusal.

Article 14

Difficulties which may arise in connection with the transmission of judicial documents for service shall be settled through diplomatic channels.

Article 15

Where a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and the defendant has not appeared, judgment shall not be given until it is established that –
a) the document was served by a method prescribed by the internal law of the State addressed for the service of documents in domestic actions upon persons who are within its territory, or
b) the document was actually delivered to the defendant or to his residence by another method provided for by this Convention,
and that in either of these cases the service or the delivery was effected in sufficient time to enable the defendant to defend.

Each Contracting State shall be free to declare that the judge, notwithstanding the provisions of the first paragraph of this Article, may give judgment even if no certificate of service or delivery has been received, if all the following conditions are fulfilled –
a) the document was transmitted by one of the methods provided for in this Convention,
b) a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document,
c) no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.

Notwithstanding the provisions of the preceding paragraphs the judge may order, in case of urgency, any provisional or protective measures.

Article 16

When a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and a judgment has been entered against a defendant who has not appeared, the judge shall have the power to relieve the defendant from the effects of the expiration of the time for appeal from the judgment if the following conditions are fulfilled –
a)   the defendant, without any fault on his part, did not have knowledge of the document in sufficient time to defend, or knowledge of the judgment in sufficient time to appeal, and
b)   the defendant has disclosed a *prima facie* defence to the action on the merits.

An application for relief may be filed only within a reasonable time after the defendant has knowledge of the judgment.
Each Contracting State may declare that the application will not be entertained if it is filed after the expiration of a time to be stated in the declaration, but which shall in no case be less than one year following the date of the judgment.
This Article shall not apply to judgments concerning status or capacity of persons.

CHAPTER II – EXTRAJUDICIAL DOCUMENTS

Article 17

Extrajudicial documents emanating from authorities and judicial officers of a Contracting State may be transmitted for the purpose of service in another Contracting State by the methods and under the provisions of the present Convention.

CHAPTER III – GENERAL CLAUSES

Article 18

Each Contracting State may designate other authorities in addition to the Central Authority and shall determine the extent of their competence.
The applicant shall, however, in all cases, have the right to address a request directly to the Central Authority.
Federal States shall be free to designate more than one Central Authority.

Article 19

To the extent that the internal law of a Contracting State permits methods of transmission, other than those provided for in the preceding Articles, of documents coming from abroad, for service within its territory, the present Convention shall not affect such provisions.

Article 20

The present Convention shall not prevent an agreement between any two or more Contracting States to dispense with –
a)   the necessity for duplicate copies of transmitted documents as required by the second paragraph of Article 3,
b)   the language requirements of the third paragraph of Article 5 and Article 7,
c)   the provisions of the fourth paragraph of Article 5,
d)   the provisions of the second paragraph of Article 12.

Article 21

Each Contracting State shall, at the time of the deposit of its instrument of ratification or accession, or at a later date, inform the Ministry of Foreign Affairs of the Netherlands of the following –
*a)* the designation of authorities, pursuant to Articles 2 and 18,
*b)* the designation of the authority competent to complete the certificate pursuant to Article 6,
*c)* the designation of the authority competent to receive documents transmitted by consular channels, pursuant to Article 9.

Each Contracting State shall similarly inform the Ministry, where appropriate, of –
*a)* opposition to the use of methods of transmission pursuant to Articles 8 and 10,
*b)* declarations pursuant to the second paragraph of Article 15 and the third paragraph of Article 16,
*c)* all modifications of the above designations, oppositions and declarations.

## Article 22

Where Parties to the present Convention are also Parties to one or both of the Conventions on civil procedure signed at The Hague on 17th July 1905, and on 1st March 1954, this Convention shall replace as between them Articles 1 to 7 of the earlier Conventions.

## Article 23

The present Convention shall not affect the application of Article 23 of the Convention on civil procedure signed at The Hague on 17th July 1905, or of Article 24 of the Convention on civil procedure signed at The Hague on 1st March 1954.
These Articles shall, however, apply only if methods of communication, identical to those provided for in these Conventions, are used.

## Article 24

Supplementary agreements between Parties to the Conventions of 1905 and 1954 shall be considered as equally applicable to the present Convention, unless the Parties have otherwise agreed.

## Article 25

Without prejudice to the provisions of Articles 22 and 24, the present Convention shall not derogate from Conventions containing provisions on the matters governed by this Convention to which the Contracting States are, or shall become, Parties.

## Article 26

The present Convention shall be open for signature by the States represented at the Tenth Session of the Hague Conference on Private International Law.
It shall be ratified, and the instruments of ratification shall be deposited with the Ministry of Foreign Affairs of the Netherlands.

## Article 27

The present Convention shall enter into force on the sixtieth day after the deposit of the third instrument of ratification referred to in the second paragraph of Article 26.
The Convention shall enter into force for each signatory State which ratifies subsequently on the sixtieth day after the deposit of its instrument of ratification.

Article 28

Any State not represented at the Tenth Session of the Hague Conference on Private International Law may accede to the present Convention after it has entered into force in accordance with the first paragraph of Article 27. The instrument of accession shall be deposited with the Ministry of Foreign Affairs of the Netherlands.
The Convention shall enter into force for such a State in the absence of any objection from a State, which has ratified the Convention before such deposit, notified to the Ministry of Foreign Affairs of the Netherlands within a period of six months after the date on which the said Ministry has notified it of such accession.
In the absence of any such objection, the Convention shall enter into force for the acceding State on the first day of the month following the expiration of the last of the periods referred to in the preceding paragraph.

Article 29

Any State may, at the time of signature, ratification or accession, declare that the present Convention shall extend to all the territories for the international relations of which it is responsible, or to one or more of them. Such a declaration shall take effect on the date of entry into force of the Convention for the State concerned.
At any time thereafter, such extensions shall be notified to the Ministry of Foreign Affairs of the Netherlands.
The Convention shall enter into force for the territories mentioned in such an extension on the sixtieth day after the notification referred to in the preceding paragraph.

Article 30

The present Convention shall remain in force for five years from the date of its entry into force in accordance with the first paragraph of Article 27, even for States which have ratified it or acceded to it subsequently.
If there has been no denunciation, it shall be renewed tacitly every five years.
Any denunciation shall be notified to the Ministry of Foreign Affairs of the Netherlands at least six months before the end of the five year period.
It may be limited to certain of the territories to which the Convention applies.
The denunciation shall have effect only as regards the State which has notified it. The Convention shall remain in force for the other Contracting States.

Article 31

The Ministry of Foreign Affairs of the Netherlands shall give notice to the States referred to in Article 26, and to the States which have acceded in accordance with Article 28, of the following –
a) the signatures and ratifications referred to in Article 26;
b) the date on which the present Convention enters into force in accordance with the first paragraph of Article 27;
c) the accessions referred to in Article 28 and the dates on which they take effect;
d) the extensions referred to in Article 29 and the dates on which they take effect;
e) the designations, oppositions and declarations referred to in Article 21;
f) the denunciations referred to in the third paragraph of Article 30.

In witness whereof the undersigned, being duly authorised thereto, have signed the present Convention.

Done at The Hague, on the 15th day of November, 1965, in the English and French languages, both texts being equally authentic, in a single copy which shall be deposited in the archives of the Government of the Netherlands, and of which a certified copy shall be sent, through the diplomatic

channel, to each of the States represented at the Tenth Session of the Hague Conference on Private International Law.

Case: 1:21-cv-01664 Document #: 9-2 Filed: 03/28/21 Page 9 of 11 PageID #:2787

# Status table

## 01: Statute of the Hague Conference on Private International Law

Entry into force: 15-VII-1955

Last update: 14-X-2010

print **View and/or print full status report**

1) S = Signature
2) R/A/Su = Ratification, Accession or Succession
3) Type = R: Ratification;
A: Accession;
A*: Accession giving rise to an acceptance procedure; click on A* for details of acceptances of the accession;
C: Continuation;
Su: Succession;
Den: Denunciation;
4) EIF = Entry into force
5) Ext = Extensions of application
6) Auth = Designation of Authorities
7) Res/D/N = Reservations, declarations or notifications

## Members of the Organisation

| States | S[1] | R/A/Su [2] | Type [3] | EIF [4] | Ext [5] | Auth [6] | Res/D/N [7] |
|---|---|---|---|---|---|---|---|
| Albania | 4-VI-2002 | | | 4-VI-2002 | | [1] | |
| Argentina | 28-IV-1972 | | | 28-IV-1972 | | [1] | |
| Australia | 1-XI-1973 | | | 1-XI-1973 | | [1] | |
| Austria | 16-IX-1954 | | | 15-VII-1955 | | [1] | |
| Belarus | 12-VII-2001 | | | 12-VII-2001 | | [1] | |
| Belgium | 1-IX-1953 | | | 15-VII-1955 | | [1] | |
| Bosnia and Herzegovina | 1-VIII-2001 | | | 7-VI-2001 | | [1] | |
| Brazil | 23-II-2001 | | | 23-II-2001 | | [1] | |
| Bulgaria | 22-IV-1999 | | | 22-IV-1999 | | [1] | |
| Canada | 7-X-1968 | | | 7-X-1968 | | [1] | |
| Chile | 25-IV-1986 | | | 25-IV-1986 | | [1] | |
| China, People's Republic of | 3-VII-1987 | | | 3-VII-1987 | | [1] | D |
| Croatia | 1-X-1995 | | | 12-VI-1995 | | [1] | |
| Cyprus | 8-X-1984 | | | 8-X-1984 | | [1] | |

| | | | | | | |
|---|---|---|---|---|---|---|
| Czech Republic | 1-IV-1993 | | | 28-I-1993 | 1 | |
| Denmark | 26-II-1954 | | | 15-VII-1955 | 1 | |
| Ecuador | 2-XI-2007 | | | 2-XI-2007 | 1 | |
| Egypt | 24-IV-1961 | | | 24-IV-1961 | 1 | |
| Estonia | 13-V-1998 | | | 13-V-1998 | 1 | |
| European Union | 3-IV-2007 | | | 3-IV-2007 | 1 | D,N 3 |
| Finland | 2-XII-1955 | | | 2-XII-1955 | 1 | |
| France | 20-IV-1964 | | | 20-IV-1964 | 1 | |
| Georgia | 28-V-2001 | | | 28-V-2001 | 1 | |
| Germany | 14-XII-1955 | | | 14-XII-1955 | 1 | |
| Greece | 26-VIII-1955 | | | 26-VIII-1955 | 1 | |
| Hungary | 6-I-1987 | | | 6-I-1987 | 1 | |
| Iceland | 14-XI-2003 | | | 14-XI-2003 | 1 | |
| India | 13-III-2008 | | | 13-III-2008 | 1 | |
| Ireland | 26-VIII-1955 | | | 26-VIII-1955 | 1 | |
| Israel | 24-IX-1964 | | | 24-IX-1964 | 1 | |
| Italy | 26-VI-1957 | | | 26-VI-1957 | 1 | |
| Japan | 27-VI-1957 | | | 27-VI-1957 | 1 | |
| Jordan | 13-VI-2001 | | | 13-VI-2001 | 1 | |
| Korea, Republic of | 20-VIII-1997 | | | 20-VIII-1997 | 1 | |
| Latvia | 11-VIII-1992 | | | 11-VIII-1992 | 1 | |
| Lithuania | 23-X-2001 | | | 23-X-2001 | 1 | |
| Luxembourg | 12-III-1956 | | | 12-III-1956 | 1 | |
| Malaysia | 2-X-2002 | | | 2-X-2002 | 1 | |
| Malta | 30-I-1995 | | | 30-I-1995 | 1 | |
| Mexico | 18-III-1986 | | | 18-III-1986 | 1 | |
| Monaco | 8-VIII-1996 | | | 8-VIII-1996 | 1 | |
| Montenegro | 15-V-2007 | | | 1-III-2007 | 1 | |
| Morocco | 6-IX-1993 | | | 6-IX-1993 | 1 | |
| Netherlands | 25-IX-1954 | | | 15-VII-1955 | 1 | N |
| New Zealand | 5-II-2002 | | | 5-II-2002 | 1 | D |
| Norway | 15-VII-1955 | | | 15-VII-1955 | 1 | |
| Panama | 29-V-2002 | | | 29-V-2002 | 1 | |
| Paraguay | 28-VI-2005 | | | 28-VI-2005 | 1 | |
| Peru | 29-I-2001 | | | 29-I-2001 | 1 | |
| Philippines | 14-VII-2010 | | | 14-VII-2010 | 1 | |
| Poland | 29-V-1984 | | | 29-V-1984 | 1 | |

| | | | | | | |
|---|---|---|---|---|---|---|
| Portugal | 8-XII-1953 | | | 15-VII-1955 | [1](#) | D - |
| Romania | 10-IV-1991 | | | 10-IV-1991 | [1](#) | |
| Russian Federation | 6-XII-2001 | | | 6-XII-2001 | [1](#) | |
| Serbia | 1-VI-2001 | | | [26-IV-2001](#) | [1](#) | |
| Slovakia | 1-VI-1993 | | | [26-IV-1993](#) | [1](#) | |
| Slovenia | 15-XI-1992 | | | [18-VI-1992](#) | [1](#) | |
| South Africa | 14-II-2002 | | | 14-II-2002 | [1](#) | |
| Spain | 8-XII-1953 | | | 15-VII-1955 | [1](#) | |
| Sri Lanka | 27-IX-2001 | | | 27-IX-2001 | [1](#) | |
| Suriname | 7-X-1977 | | | 7-X-1977 | [1](#) | |
| Sweden | 9-XII-1953 | | | 15-VII-1955 | [1](#) | |
| Switzerland | 6-V-1957 | | | 6-V-1957 | [1](#) | |
| The former Yugoslav Republic of Macedonia | 1-XII-1993 | | | [20-IX-1993](#) | [1](#) | |
| Turkey | 26-VIII-1955 | | | 26-VIII-1955 | [1](#) | |
| Ukraine | 3-XII-2003 | | | 3-XII-2003 | [1](#) | |
| United Kingdom of Great Britain and Northern Ireland | 3-I-1955 | | | 15-VII-1955 | [1](#) | |
| United States of America | 15-X-1964 | | | 15-X-1964 | [1](#) | |
| Uruguay | 27-VII-1983 | | | 27-VII-1983 | [1](#) | |
| Venezuela | 25-VII-1979 | | | 25-VII-1979 | [1](#) | |

1) S = Signature  
2) R/A/Su = Ratification, Accession or Succession  
3) Type = R: Ratification;  
A: Accession;  
A*: Accession giving rise to an acceptance procedure; click on A* for details of acceptances of the accession;  
C: Continuation;  
Su: Succession;  
Den: Denunciation;  
4) EIF = Entry into force  
5) Ext = Extensions of application  
6) Auth = Designation of Authorities  
7) Res/D/N = Reservations, declarations or notifications