**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Dan Wang, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:21-cv-01664 |
| v. | ) |
| | ) |
| The Partnerships and Unincorporated | ) |
| Associations Identified on Schedule "A", | ) |
| | ) |
| Defendants. | ) |

### [proposed] Sealed Temporary Restraining Order

**THIS CAUSE** being before the Court on Plaintiff Dan Wang's ("Plaintiff" or "Wang") *Ex Parte* Motion for Entry of a Temporary Restraining Order, Including a Temporary Injunction, a Temporary Asset Restraint, and Expedited Discovery, and Motion for Electronic Service of Process Pursuant to Fed. R. Civ. P. 4(f)(3) ("Motions") against the defendants identified in Schedule A to the Complaint and attached hereto ("Defendants") and using at least the online marketplace accounts identified in Schedule A ("Defendant Online Stores"), and this Court having heard the evidence before it hereby GRANTS Plaintiff's Motions in their entirety.

This Court further finds that it has personal jurisdiction over the Defendants since the Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Defendant Online Stores through which Illinois residents can purchase products using and bearing spurious versions of the "JIANGWANG Mark":

| Registration Number | Trademark | Goods and Services |
|---|---|---|
| 6,151,499 | 姜王<br>Translated: "JIANGWANG" | For: Essential oils; Hair nourishers; Hair oils; Hair tonics. class 003. |

This Court also finds that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because Plaintiff has presented specific facts in the Declaration of Dan Wang [Dkt. 7] and the Declaration of Ilya Zlatkin [Dkt. 6] in support of Plaintiff's Motion for Temporary Restraining Order [Dkt. 5], and accompanying evidence clearly showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition.

Specifically, in the absence of an *ex parte* Order, Defendants could and likely would modify registration data and content and move any assets from accounts in U.S.-based financial institutions, including without limitation PayPal, Inc. ("PayPal"), Amazon Pay, and Walmart accounts, to offshore accounts. Id. Proceedings against those who deliberately traffic in counterfeit merchandise are often useless if notice is given to the adverse party.

Accordingly, this Court orders that:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily enjoined and restrained from:

    a. using the JIANGWANG Mark or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine JIANGWANG Product or not authorized by Wang to be sold in connection with the JIANGWANG Mark;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine JIANGWANG Product or any other product produced by Wang, that is not Wang's or not produced under the authorization, control or supervision of Wang and approved by Wang for sale under the JIANGWANG Mark;

    c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Wang, or are sponsored by, approved by, or otherwise connected with Wang;

    d. further infringing the JIANGWANG Mark and damaging Wang's goodwill;

    e. otherwise competing unfairly with Wang in any manner;

    f. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Wang, nor authorized by Wang to be sold or offered for sale, and which bear any of Wang's trademarks, including the JIANGWANG Mark, or any reproductions, counterfeit copies, or colorable imitations thereof;

    g. using, linking to, transferring, selling, exercising control over, or otherwise owning or operating the infringing webstores, websites, or any other domain name that is being used to sell or is the means by which Defendants could continue to sell Infringing JIANGWANG Products; and

    h. operating and/or hosting infringing websites, online storefronts, and any domain names registered or operated by Defendants which are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the JIANGWANG Mark or any reproductions, counterfeit copies, or colorable imitations thereof that is not a genuine Wang JIANGWANG Product or not authorized by Wang to be sold in connection with the JIANGWANG Mark.

2. Defendants and any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of the Defendant Online Stores or other online marketplace accounts operated by Defendants, including, without limitation, any online marketplace platforms such as Amazon, eBay, Wish, AliExpress, Joom, Vova, Walmart, web hosts,

sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers such as PayPal, AliPay, Payoneer, Skrill, Ping Pong, and Amazon Payments, Walmart, and Internet search engines such as Google, Bing and Yahoo (collectively, "Third-Party Providers") shall, within five (5) business days after receipt of such notice, provide to Wang expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

a. the identities and locations of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information, including any and all associated e-mail addresses;

b. the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Defendant Online Stores and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Defendant Online Stores;

c. any of the Defendant Online Stores;

d. any other online marketplace accounts registered by Defendants; and

e. any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, AliPay, Payoneer, Skrill, Ping Pong, and Amazon Payments, or other merchant account providers, payment providers, third party processors, and credit card associations (*e.g.*, MasterCard and VISA).

3. Upon Wang's request, those in privity with Defendants and those with notice of the injunction, including the Third-Party Providers as described in Paragraph 2, shall within five (5) business days after receipt of such notice:

   a. disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods using the JIANGWANG Mark;

   b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the JIANGWANG Mark; and

   c. take all steps necessary to prevent links to the Defendant Online Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Online Stores from any search index.

4. Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

5. PayPal, AliPay, Payoneer, Skrill, Ping Pong, Walmart, and Amazon Payments, and any banks, savings and loan associations, payment processors, or other financial institutions, including any Third-Party Providers, shall, within two (2) business days of receipt of this Order, for any Defendant or any of the Defendant Online Stores:

   a. locate all accounts and funds connected to Defendants or the Defendant Online Stores, including, but not limited to, any PayPal, AliPay, Payoneer, Skrill, Ping Pong, Walmart, and Amazon Payments accounts connected to the Defendant Online Stores identified in Schedule A hereto and any e-mail addresses provided for Defendants by third parties; and

   b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

6. Wang may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing and service of process pursuant to Fed. R. Civ. P. 4(f)(3), by electronically publishing a link to the Complaint, this Order and other relevant documents on a website and by sending an e-mail, to the e-mail addresses identified by third parties, that includes a link to said website. The Clerk of the Court is directed to issue a single original summons in the name of **"aushen99 and all other Defendants identified in the Complaint"** that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

7. Plaintiff's Complaint [Dkt. 1], Schedule A to the Complaint [Dkt. 4], Exhibit 2 to the Declaration of Dan Wang [Dkts. 8-1 through 8-23], and this Order shall remain sealed until further ordered by this Court.

8. Wang shall deposit with the Court ten thousand dollars ($10,000.00), either cash or surety bond, as security, which amount was determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

9. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on three (3) days' notice to Wang or on shorter notice as set by this Court.

10. This Temporary Restraining Order without notice is entered at _____pm on this __ day of _____ 2021 and shall remain in effect for fourteen (14) days.

U.S. District Court Judge _____

**Schedule A**

Schedule A