IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINIOIS
EASTERN DIVISION

===================================X

Dan Wang,

    Plaintiff,

-against-

The Partnerships and
Unincorporated Associations
Identified in Schedule "A,"

    Defendants.

===================================X

Case No. 1:21-cv-01664

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION.**

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION

Defendant Frugality, Inc. ("Defendant" or "Frugality") by and through its undersigned attorney submits its opposition to Plaintiff's motion for entry of preliminary injunction as follows:

### INTRODUCTION

Plaintiffs are asking the Court to grant an injunction that is not necessary and is improper against Defendant Frugality. Though this Court has already entered a TRO in favor of Plaintiff, it was granted unopposed, and in light of countervailing arguments presented herein, Defendant Frugality respectfully requests that this Court refrain from entering a preliminary injunction against at least Defendant Frugality. As the below evidence will show, the allegations made by Plaintiff in their motion for TRO and/or preliminary injunction do not apply to Defendant

1

Frugality, Plaintiff's evidence in support of their request for preliminary relief is lacking, and thus principles of equity weigh against granting the preliminary relief at this time.

Defendant Frugality hereby respectfully request that this Court deny the motion for preliminary injunction sought by Plaintiff Dan Wang ("Plaintiff"). In the alternative, the Defendant request that the Court declare that the temporary restraining order ("TRO") previously entered, and any preliminary injunction that the Court may hereafter enter, does not apply to or bind Defendant Frugality.

## FACTS

Defendant Frugality is an America-based seller operated out of Milton, Florida. *See* Declaration of Wayne English ¶ 3, attached. At no time did Defendant Frugality, Inc. know that the Plaintiff's at-issue mark was a trademark or constituted intellectual property of Plaintiff. Decl. of Wayne English ¶ 6. Defendant Frugality does regular due diligence to ensure it is authorized to sell each product sold on its e-commerce storefront, and first received notice of this lawsuit on April 28, 2021, via email from counsel for Plaintiff. Decl. of Wayne English ¶ 4 & ¶ 7.

Upon information and belief, Plaintiff's website, www.jiangwang.us, as referenced in Plaintiff's Complaint paragraph 25, was created on March 8, 2021. *See* Opposition Exhibits 1 & 2, attached.

Furthermore, Plaintiff's website lists only one product, as depicted in Plaintiff's Complaint Exhibit B, and at least three of the reviews for that product appear to have been lifted from products totally unrelated to Plaintiff's at-issue mark. Upon information and belief, Plaintiff

has attempted to pass off these reviews as on their own product to boost their credibility. In addition and upon information and belief, the dates of such customer reviews appear to have been altered to make the reviews appear older than they are. See examples below.

*Example of identical customer review#1, found on page 5 of Plaintiff's website customer reviews:[1]*



[Examples continued on next page]

---

[1] Product review for PURA D'OR Biotin Original Gold Label Anti-Thinning (16oz x 2) Shampoo & Conditioner Set, on Amazon.com, *available at* https://www.amazon.com/product-reviews/B07BHCB9Y2/ref=pd_day0_cr_3?pd_rd_w=0zL65&pf_rd_p=8ca997d7-1ea0-4c8f-9e14-a6d756b83e30&pf_rd_r=QK7ZFNRAC8SR87M8PVKA&pd_rd_r=d307ca8d-426e-49cb-ba37-7df0473a300f&pd_rd_wg=NXA4g&pd_rd_i=B07BHCB9Y2 (last visited April 30, 2021).

*Example of identical customer review #2, found on page 4 of Plaintiff's website customer reviews:*[2]



*Example of identical customer review #3, found on page 3 of Plaintiff's website customer reviews:*[3]

---

[2] Product review for ArtNaturals Argan Hair Growth Shampoo - (16 Fl Oz / 473ml), on Amazon.com, *available at* https://www.amazon.com/ArtNaturals-Argan-Oil-Shampoo-Hair-Regrowth-Treatment/product-reviews/B01GP6MGD6/ref=cm_cr_arp_d_viewopt_kywd?ie=UTF8&reviewerType=all_reviews&pageNumber=1&filterByKeyword=developes (last visited April 30, 2021).

[3] Product review for ArtNaturals Argan Hair Growth Shampoo - (16 Fl Oz / 473ml), on Amazon.com, *available at* https://www.amazon.com/ArtNaturals-Argan-Oil-Shampoo-Hair-Regrowth-Treatment/product-reviews/B01GP6MGD6/ref=cm_cr_arp_d_viewopt_kywd?pageNumber=1&reviewerType=all_reviews&filterByKeyword=i+was+looking+for+a+shampoo+that+stimulated (last visited April 30, 2021).

The above identical customer reviews were found using a Google Advanced search. Evidence of the newness of Plaintiff's website and the identical customer reviews calls to question the assertions in Plaintiff's Complaint paragraphs 22-26, and 49-50. Furthermore, Plaintiff's mark was registered within the year, on September 5, 2020. *See* Plaintiff's Complaint Exhibit A.

**ARGUMENT**

**I. Entry of Preliminary Injunction is Not Appropriate in This Case**

"[T]he grant of a preliminary injunction is the exercise of an extremely far-reaching power not to be indulged in except in a case clearly warranting it." *Illinois Council on Long Term Care v. Miller*, 579 F. Supp. 1140, 1144 (N.D. Ill. 1983) (internal quotations omitted). A preliminary injunction is an extraordinary remedy never awarded as of right. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits," *Adkins v. Nestle Purina PetCare Co.*, 779 F.3d 481 (7th Cir. 2015), and that he has "no adequate remedy at law and will suffer irreparable harm if a preliminary injunction is denied." *Stuller, Inc. v. Steak N Shake Enters., Inc.*, 695 F.3d 676, 678 (7th Cir. 2012); see also *Wis. Right to Life, Inc. v. Barland*, 751 F.3d 804, 830 (7th Cir. 2014). A party seeking injunctive relief "has the burden of proving by a clear showing" that the injunction is warranted. *Lambert v. Buss*, 498 F.3d 446, 452 (7th Cir. 2007). If the moving party meets these threshold requirements, the district court "must consider the irreparable harm that the nonmoving party will suffer if preliminary relief is granted, balancing such harm against the irreparable harm the moving party will suffer if relief is denied." *Stuller*, 695 F.3d at 678. The

5

Court must also consider the public interest in granting or denying the injunction. *See Id*. In this balancing of harms conducted by the Court, the Court weighs these factors against one another "in a sliding scale analysis." *Christian Legal Soc'y v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006). "The sliding scale approach is not mathematical in nature, rather 'it is more properly characterized as subjective and intuitive, one which permits district courts to weigh the competing considerations and mold appropriate relief.'" *Ty, Inc. v. Jones Group, Inc*., 237 F.3d 891, 895 (7th Cir. 2001).

In this case, Plaintiff has failed to meet its extraordinary burden in showing that entry of a preliminary injunction is appropriate against Defendant Frugality.

### A. Plaintiff is Not Likely to Succeed on the Merits

Plaintiffs have not addressed the merits of each of the claims of their Complaint, specifically "Count II - False Designation of Origin (15 U.S.C. § 1125(a))" claim and "Count III - Violation of the Uniform Deceptive Trade Practices Act (815 ILCS § 510, et seq.)." Since these claims are absent from both of Plaintiff's Motion for TRO and Motion for Preliminary Injunction, Defendant here only addresses Plaintiff's claim for Trademark Infringement and Counterfeiting under 15 U.S.C. § 1114.

### i. Plaintiff is Not Likely to Succeed on the Merits of its Claim Under 15 U.S.C. § 1114.

A defendant is liable for trademark infringement and counterfeiting under the Lanham Act if it, "without the consent of the registrant, uses in commerce any reproduction, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods … which such use[s] is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1).

The Seventh Circuit has enumerated seven factors to determine whether there is a likelihood of confusion in trademark cases: (1) the similarity between the marks in appearance and suggestion, (2) the similarity of the products, (3) the area and manner of concurrent use of the products, (4) the degree of care likely to be exercised by consumers, (5) the strength of the complainant's mark, (6) any evidence of actual confusion, and (7) the defendant's intent (or lack thereof) to palm off its product as that of another. *Smith Fiberglass Prods., Inc. v. Ameron, Inc.*, 7 F.3d 1327, 1329 (7th Cir.1993).

Plaintiff's brief cites *Competitive Edge, Inc. v. Staples, Inc.*, 763 F. Supp. 2d 997, 1011 (N.D. Ill. 2010) (citing *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 672 (Fed. Cir. 2008) for Plaintiff's likelihood of confusion standard, but these cases dealt with issues of design patents.

The properly applicable factors from *Smith Fiberglass* are not a mechanical checklist, and "[t]he proper weight given to each of [the] factors will vary from case to case." *Dorr-Oliver, Inc. v. Fluid-Quip, Inc.*, 94 F.3d 376, 381 (7th Cir. 1996). At the same time, although no one factor is decisive, the similarity of the marks, the intent of the defendant, and evidence of actual confusion are the most important considerations. *G. Heileman Brewing Co., Inc. v. Anheuser-Busch, Inc.*, 873 F.2d 985, 999 (7th Cir. 1989).

### *Actual Confusion has Not Been Proven by Plaintiff, and Confusion Is Not Likely*

Plaintiff has not provided any evidence of actual customer confusion between its mark and Defendant's products. Instead, Plaintiff relies on mere inferences. Plaintiffs make unsupported conclusory statements such that submitting "documentation of Defendants' clear and blatant use of Plaintiff's trademark . . .clearly supports the rational conclusion that an ordinary consumer would likely be confused . . ." *See* Plaintiff's Motion for TRO p. 6. While Plaintiff has filed some evidence under seal and are unavailable to Defendant for review, it is clear that Plaintiff has not submitted any evidence of actual customer confusion in their motions for preliminary relief and is relied only on an inference built on mere showing of Defendant products and conclusory statements.

Moreover, Plaintiff has failed to show that consumers associate their claimed mark solely with Plaintiff. Plaintiff appears to be over-compensating for this lack of market recognition by manipulating customer reviews on its recently-created website.

A review of Defendant Frugality's e-commerce storefront as it appeared on April 30, 2021, shows no item which could possibly be confused with Plaintiff's mark. At the very least, Defendant Frugality poses no current threat to Plaintiff's rights, as there is no opportunity for any customer confusion concerning Plaintiff's mark. A depiction of all the items on Frugality's e-commerce storefront is attached as Opposition Exhibits 3 & 4.

Plaintiff has failed to meet its burden of proof without relying on baseless inferences.

### *No Intent of the Defendant to Infringe*

Defendant Frugality had no intent to pass off its products under Plaintiff's at-issue mark. At no time did Defendant Frugality, Inc. know that the Plaintiff's at-issue mark was a trademark

8

or constituted intellectual property of Plaintiff. Decl. of Wayne English ¶ 6. Furthermore, Defendant Frugality, Inc. does regular due diligence to ensure that each product sold on its e-commerce storefront is authorized by the appropriate rights owners and non-infringing. Decl. of Wayne English ¶ 7.

Plaintiff has provided no evidence that Defendant Frugality intended to palm off its trademark, and instead has painted all the Defendants with a broad brush, such as claiming all Defendants are foreign entities, working in conspiracy and with malintent. This is simply not true when it comes to Defendant Frugality. Plaintiff has failed to meet its burden of proof.

### *Strength of the Mark*

Plaintiff's mark is not strong. The mark-at-issue is likely not recognizable to consumers as being associated with Plaintiff, and Plaintiff has not shown proof otherwise. Plaintiff's mark was registered with the United State Patent & Trademark Office within the year (September 5, 2020). Furthermore, as demonstrated by the newness of Plaintiff's website and the apparently identical customer reviews to unrelated products, the mark is not strongly established in the market among consumers.

In sum, Plaintiff has not proven actual customer confusion, Defendant Frugality's intent to infringe, or strength of the mark. Thus, Plaintiff has failed to provide evidence to meet its extraordinary burden to prove their Trademark Infringement claim will succeed on the merits as to Defendant Frugality. A preliminary injunction is not warranted against Defendant Frugality at this time.

**B. There Is an Adequate Remedy at Law and Plaintiff Will Not Suffer Irreparable Harm in the Absence of Preliminary Relief**

Courts in this district consider the touchstone of inadequate remedy at law analysis that money damages would either fail to make the plaintiff whole or be unquantifiable as part of its irreparable harm analysis. *Coca-Cola Co. v. Alma-Leo U.S.A., Inc.*, 719 F.Supp. 725, 729 (N.D.Ill. 1989); *See also International Profit Associates, Inc. v. Paisola*, 461 F.Supp.2d 672, 679 (N.D.Ill. 2006) (finding inadequate remedy at law and irreparable harm when defendant's alleged infringement of plaintiff's trademarks will lead to "incalculable loss of its reputation with its customers" and finding that because it is difficult to assess these damages, they "are considered to have no adequate remedy at law, and to be irreparable").

Plaintiff has not plead sufficient facts to show actual customer confusion concerning their mark. Furthermore, Plaintiff's mark has not been proven strong as a recognizable mark associated with its brand.

Plaintiff argues that Defendant Frugality, among other Defendants, operated foreign bank accounts and can ferry ill-gained money of the reach of this court, but that is not true. Defendant Frugality is an America-based company.

A review of Defendant Frugality's e-commerce storefront as it appeared on April 30, 2021, shows no item which could possibly be confused with Plaintiff's mark. At the very least, Defendant Frugality poses no current threat to Plaintiff's rights, as there is no opportunity for any customer confusion concerning Plaintiff's mark. A depiction of all the items on Frugality's e-commerce storefront is attached as Opposition Exhibits 3 & 4.

Thus, preliminary relief is not necessary because Plaintiff is not at risk of suffering irreparable harm and has an adequate remedy at law at least against Defendant Frugality.

**C. The Balancing of Harms Tips in Defendant's Favor**

If the questions of likelihood of success on the merits, threat of irreparable harm, and inadequate remedy at law are met, next Courts balance the hardships and consider the impact on the public interest. See *Roland Machinery Co. v. Dresser Industries, Inc.*, 749 F.2d 380, 386 – 389 (7th Cir. 1984).

Plaintiff has not met their burden of proving likelihood of success on the merits, threat of irreparable harm, and inadequate remedy at law. Similarly, they fail to show that the balancing of harms tip in Plaintiff's favor. Defendant Frugality's harm would outweigh the harm to Plaintiff, because granting of preliminary relief would stifle Defendant's legitimate business practices where it is unnecessary.

Plaintiff has failed its burden of proof on this element, as well as the previously-discussed elements.

**D. Issuance of the Injunction Is Not in the Public Interest**

An injunction serves the public interest "because enforcement of the trademark laws prevents consumer confusion." *Eli Lilly & Co. v Natural Answers, Inc.*, 233 F.3d 456 at 469 (7th Cir. 2000).

Plaintiff has failed to show any evidence of actual customer confusion in this case, and thus its assertion that the public interest is served by preliminary relief is similarly lacking. As stated above, Plaintiff has not proven their mark is strong enough to be associated with their brand alone, and in conjunction with the newness of the mark's registration and website, plus the questionable reviews therein, a shadow of doubt is cast on any allegation of actual customer confusion.

In conclusion, Plaintiff has failed to meet its extraordinary burden of proving all the elements required for entering of preliminary injunction.

## II. The Equitable Relief Sought by Plaintiff is Not Appropriate

In addition to this Court's inherent authority to issue injunctive relief, the Lanham Act authorizes courts to issue injunctive relief "according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark …." 15 U.S.C. § 1116(a).

According to principles of equity, Plaintiff has failed to meet its extraordinary burden of showing preliminary relief is appropriate because Plaintiff has shown no evidentiary support for its accusations, specifically against Defendant Frugality, and Plaintiff has failed to show that the preliminary relief is necessary to prevent irreparable harm. Instead, Plaintiff's request is rife with factual allegations which are not representative of the true nature of (at least) Defendant Frugality's business.

Principles of equity show that entry of Plaintiff's Motion for Preliminary Injunction is not appropriate.

**III. Conclusion**

Plaintiff has failed to meet its extraordinary burden in its application for preliminary injunction. An entry of preliminary injunction against Defendant Frugality is not supported by fact and would be unduly harmful to Defendant Frugality, and the public interest at large. Defendant Frugality never intentionally infringed on Plaintiff's marks, and Plaintiff has failed to show evidence of actual customer confusion. There is no need to maintain the status quo with preliminary relief because Defendant Frugality has become party to the litigation and poses no ongoing harm to Plaintiff, which harm is outweighed by Defendant's own harm. In view of the foregoing and consistent with relevant case law, Defendant Frugality respectfully requests this Court deny entry of a Preliminary Injunction against it.

Wherefore, based upon the foregoing, Defendant Frugality prays an Order be entered:

(a)   Denying Plaintiff's Motion for Entry of Preliminary Injunction;

(b)   Dissolving the TRO previously entered;

(c)   Alternatively, an Order that Plaintiff's Motion for Entry of Preliminary Injunction does not apply to or bind Defendant Frugality specifically;

(c)   Granting the Defendant Frugality costs, fees and expenses incurred defending this matter; and

(d)   Granting Defendant Frugality all other appropriate relief.

Dated: May 1, 2021

*Cory Jay Rosenbaum* (electronically signed)
C.J. Rosenbaum, Esq.*
Rosenbaum, Famularo & Segall, P.C.
138A East Park Avenue
Long Beach, New York 11561

CJR@AmazonSellersLawyer.com
212-256-1109
NYS Bar #2669133
*Admitted to practice law in the State of New York as well as in the: Southern Dist. of New York; Eastern District of New York and Northern District of Illinois.