IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Dan Wang, ) | |
| ) | |
| Plaintiff, ) | Case No.: 1:21-cv-01664 |
| v. ) | |
| ) | Hon. Judge Virginia M. Kendall |
| The Partnerships and Unincorporated ) | |
| Associations Identified in Schedule "A" ) | Hon. Mag. Judge Sheila M. Finnegan |
| ) | |
| Defendants. ) | |

**Plaintiff's Reply Memorandum in Support of Its
Motion for Entry of a Preliminary Injunction**

Plaintiff Dan Wang ("Plaintiff") submits this Reply Memorandum in support of Plaintiff's Motion for Entry of a Preliminary Injunction with respect to Defendant Frugality, Inc. (hereinafter "Frugality" or "Defendant"). [Dkt. 28]. As explained below, Plaintiff's likelihood of success on the merits of its claims and the balance of harms favors Plaintiff. Therefore, the preliminary injunction should be granted against Frugality.

**I. Introduction**

Plaintiff has brought the present action against Frugality under Sections 32 and 43(a) of the Lanham Act (15 U.S.C. §§ 1114, 1125(a)) and the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510, et seq.). As Plaintiff alleges in Plaintiff's Complaint, the Defendant is promoting, advertising, marketing, distributing, offering for sale, and selling unauthorized and unlicensed products, including hair oil products ("Counterfeit JIANGWANG Products"), using spurious versions of Plaintiff's JIANGWANG Mark through various fully-interactive, commercial eCommerce store(s) operating under at least the account listed.

On April 5, 2021, this Court granted Plaintiff's Ex Parte Motion for Entry of a Temporary Restraining Order ("TRO"). [Dkt. 18]. The TRO authorized Plaintiff to provide to defendants notice of these proceedings and the preliminary injunction hearing to Defendants by electronically publishing

a link to the Complaint, the TRO, and other relevant documents on a website and sending an email to the email addresses provided by third parties (*e.g.*, eBay, Amazon, Wish, AliExpress, and Walmart) that included a link to said website. [Dkt. 18, at ¶ 6]. Pursuant to the TRO and since the TRO was entered, PayPal, eBay, Wish, Walmart, Amazon, and AliExpress / AliPay accounts associated with the Defendant Online Stores have been restrained. The Court entered a preliminary injunction as to all other Defendants in this matter, save Frugality, on May 4, 2021. [Dkt. 30].

Plaintiff respectfully requests this Court convert the TRO into a preliminary injunction against Frugality so that Frugality remains enjoined from the manufacture, importation, distribution, offering for sale, and sale of Counterfeit JIANGWANG Products during the pendency of this litigation. As part of the preliminary injunction, Plaintiff requests Frugality's Amazon, Wish, AliPay, eBay, Walmart, and other accounts, where applicable, remain restrained until the completion of these proceedings.

## II. Argument

### a. Legal Standard

As stated in Plaintiff's initial memorandum of law in support of the preliminary injunction, in the Seventh Circuit, the standard for granting a preliminary injunction is identical to the standard for entering a TRO. *See, e.g.*, Charter Nat'l Bank & Trust v. Charter One Fin., Inc., No. 1:01-cv-00905, 2001 WL 527404, at *1 (N.D. Ill. May 15, 2001) (citation omitted). Generally, a party seeking to obtain a preliminary injunction must demonstrate: (i) that its case has **some likelihood** of success on the merits; (ii) that no adequate remedy at law exists; and (iii) that it will suffer irreparable harm if the injunction is not granted. Ty, Inc. v. The Jones Group, Inc., 237 F.3d 891, 895 (7th Cir. 2001) (emphasis added); Columbia Pictures Indus., Inc. v. Jasso, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996); *See*, Coach, Inc. v. The P'ships & Unincorporated Assocs. Identified on Schedule "A", No. 13 C 6618, 2013 WL 5477573, at *1 (N.D. Ill. Oct. 1, 2013) (granting preliminary injunction against foreign online

resellers after entry of a TRO). Because this Court has already issued a TRO, it has already found the requirements for the entry of a preliminary injunction have been met. [Dkt. 18].

A plaintiff does not have to show that success on the merits is certain in order to obtain a preliminary injunction. Rather, the plaintiff "need only demonstrate at the preliminary injunction stage that it has a 'better than negligible' chance of succeeding on the merits so that injunctive relief would be justified." Ty, Inc., 237 F.3d 891, 898, *citing*, Int'l Kennel Club of Chicago, Inc. v. Mighty Star, Inc., 846 F.2d 1079, 1084 (7th Cir. 1988).

Once the plaintiff has met the first three conditions for obtaining preliminary relief, the Court must consider the balance of harms to the moving party, the nonmoving party, and the public. Ty, Inc., 237 F.3d at 895. This balancing involves a sliding scale approach: "the more likely the plaintiff will succeed on the merits, the less the balance of irreparable harms need favor the plaintiff's position." Id. If the plaintiff's likelihood of success is more than "slight," there is no need for the plaintiff to make a proportionately stronger showing that the balance of harms is in its favor. Id. at 903-904. Plaintiff respectfully requests this Court convert the TRO into a preliminary injunction to prevent further unlawful conduct by Defendant Frugality as is common in this district. *See, e.g.*, Fear of God, LLC, v. The P'ships and Unincorporated Assocs. Identified on Schedule "A", Case No. 21-cv-01660, Dkt. 41 (N.D. Ill. May 3, 2021); Mon Cheri Bridals, LLC v Does 1-464, No. 19-cv-02362 Dkt. 31 (N.D. Ill. May 21, 2019); Deckers Outdoor Corp. v. The P'ships and Unincorporated Assocs. Identified on Schedule "A", No. 15-cv-3249 Dkt. 32 (N.D. Ill. May 6, 2015); Oakley, Inc. v. Does 1-100, No. 12-cv-9864 Dkt. 23 (N.D. Ill. Dec. 27, 2012).

    **b. Plaintiff is likely to succeed on the merits of his claim.**

        **i.** Plaintiff has demonstrated a *prima facie* case of Frugality's infringement.

In order to succeed on its trademark infringement claim, Plaintiff must demonstrate "(1) that its mark is protectable, and (2) that the defendant's use of that mark is likely to cause confusion among

consumers." Phx. Entm't Partners v. Rumsey, 829 F.3d 817, 822 (7th Cir. 2016). A registered mark is "prima facie evidence of the validity of the…mark…and of the registrant's exclusive right to use the mark in commerce". Packman v. Chi Tribune Co., 267 F.3d 628, 638 (7th Cir. 2001), *quoting*, 15 U.S.C. § 1115(a). In determining the likelihood of consumer confusion, courts consider the following factors: "(1) the similarity between the marks in appearance and suggestion; (2) similarity of the products; (3) the area and manner of concurrent use; (4) the degree and care likely to be exercised by consumers; (5) the strength of the plaintiff's mark; (6) whether actual confusion exists; and (7) whether the defendant intended to 'palm off' his product as that of the plaintiff." CAE, Inc. v. Clean Air Eng'g, Inc., 267 F.3d 660, 677–78 (7th Cir. 2001). The 'similarity of the marks' is one of the more important factors. Autozone, Inc. v. Strick, 543 F.3d 923, 929 (7th Cir. 2008).

Plaintiff has substantial evidence and documentation of Defendant Frugality's clear and blatant use of Plaintiff's trademark in order to make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly that bear Plaintiff's protected JIANGWANG Mark. *See* the attached **Exhibit A** (screenshots collected on December 30, 2020, of Frugality's eBay storefront selling infringing JIANGWANG branded products). This evidence clearly supports the rational conclusion that an ordinary consumer would likely be confused as to the origin of Frugality's infringing products and potentially deceived into buying illegal counterfeit products from Frugality rather than authentic products sold by Plaintiff. The marks are identical, the products are identical, and they are sold to consumers in extremely similar online platforms. *Compare* **Exhibit A** with [Dkt. 1-1]. Plaintiff has certainly not authorized Frugality to use Plaintiff's JIANGWANG mark nor is Frugality an authorized retailer of genuine JIANGWANG products, nor does Frugality purport to be. [Dkt. 5-2, Wang Decl. at ¶ 9-22]. Frugality's behavior, as seen in **Exhibit A**, is precisely an attempt to associate its product with Plaintiff's brand. CAE, Inc., 267 F.3d at 677–78. The majority of factors strongly weigh in Plaintiff's

favor of a finding of likelihood of confusion and, therefore, likelihood of success on the merits. Plaintiff has thereby established a *prima facie* case of trademark infringement as to Defendant Frugality.

      **ii.** Defendant's arguments are false or irrelevant.

Addressing the question of Plaintiff's likelihood of success on the merits, Defendant's memorandum of law in opposition to the preliminary injunction presents three arguments why Plaintiff is unlikely to succeed. First, that no actual confusion has been alleged by Plaintiff of customers being confused by Frugality's sales of JIANGWANG branded products [Dkt. 28 at 7]; second, that Frugality did not "intend" to infringe Plaintiff's mark [Dkt. 28 at 8]; and third, that Plaintiff's JIANGWANG mark is not strong. [Dkt. 28 at 9].

These arguments are weak where they are not irrelevant. Plaintiff's mark is a registered trademark and was published for opposition on June 30, 2020. [Dkt. 1-1]. The registration of Plaintiff's mark serves as constructive notice to Frugality of Plaintiff's rights in the JIANGWANG mark. USA-Halal Chamber of Commerce, Inc. v. Best Choice Meats, Inc., 402 F. Supp. 3d 427, 436 (N.D. Ill. 2019), *quoting*, Iancu v. Brunetti, 139 S.Ct. 1194, 2297 (2019). Plaintiff has collected direct evidence of Defendant Frugality using the JIANGWANG mark to sell counterfeit products on Frugality's storefront. *See* the attached **Exhibit A**, screenshots collected on December 30, 2020, of Frugality's eBay storefront. Defendant misunderstands that it is Frugality's burden to establish no actual confusion in spite of its direct counterfeiting infringement of Plaintiff's mark. *See*, Lorillard Tobacco co. v. Food Shop 5, Inc., 360 F. Supp. 2d 882, 886-887 (N.D. Ill. 2005) (arguing that "actual confusion is likely when the marks on the counterfeit packages and the authentic packages are virtually indistinguishable. Defendant offers no evidence that actual confusion was not likely."). Defendant's generalization that no actual consumer confusion exists is unpersuasive. This factor weighs in Plaintiff's favor that Plaintiff will be successful on the merits. Lorillard, 360 F. Supp. 2d at 886-887.

Second, Defendant's contention Defendant had no ill "intent" is irrelevant and expressly rejected by law. USA-Halal, 402 F. Supp. 3d at 436. The declaration of Wayne English (attached to Defendant's Opposition) claims that Frugality "does regular due diligence to ensure that each product sold on its e-commerce storefront is authorized by the appropriate rights owners and non-infringing." [Dkt. 28-2 at ¶ 7]. However, Frugality had an active listing of the infringing JIANGWANG branded product **after** Plaintiff's trademark registration date on September 15, 2020. **Exhibit A**. It is clear that whatever "efforts" Mr. English purports Frugality undertakes to verify the legality of its products is wholly inadequate. Indeed, this argument that Frugality's posting was "not intended" to infringe is precisely what trademark registration is designed to circumvent. *See* USA-Halal, 402 F. Supp. 3d at 436 ("Registration ... prevents another user of the mark from claiming innocent misappropriation as a trademark infringement defense"), *quoting*, Flavors & Fragrances, Inc., 183 F.3d 1361, 1367 (Fed. Cir. 1999). Frugality's argument of its innocent "intent" is irrelevant and should be ignored. USA-Halal, 402 F. 3d at 436; Monster Energy Co. v. Chen Wensheng, et al., 15-cv-4166 (N.D. Ill. June 30, 2016) ("The court is not persuaded otherwise by defendants' unsubstantiated assertions that these are the actions of an un-informed [person] that made a mistake.") (internal quotes omitted).

Third, Defendant makes the sweeping generalization that Plaintiff's mark is not strong. [Dkt. 28 at 9]. Defendant's fail to address any of the claims articulated in Plaintiff's Complaint establishing consumer recognition of the JIANGWANG trademark and its associated strength. [Dkt. 1 at ¶ 9-14]. At best, this factor is neutral in determining a likelihood of consumer confusion. More telling is Defendant's intentional decision to omit any discussion as to the first two factors: the similarity of the marks and similarity of the products. Indeed, "the similarity of the parties' marks is a key part of the likelihood of confusion analysis" and is often considered to be one of the most important factors. Epic Systems Corp. v. YourCareUniverse, Inc. 244 F. Supp. 3d 878, 892-93 (W.D. Wis. 2017); *see also*, AutoZone, Inc. v. Strick, 543 F.3d 923, 929 (7th Cir. 2008). Defendant Frugality cannot escape the

fact that it explicitly infringed Plaintiff's JIANGWANG mark and therefore does not even attempt to address these factors substantively.

Finally, Defendant's tangential discussion as to the origin of product reviews for JIANGWANG products on Plaintiff's website is wholly irrelevant. [Dkt. 28 at 5]. Defendant's memorandum and attached exhibits do not provide clear indication of how Defendant obtained this information; vaguely claiming it was discovered with "Google Advanced search." [Id.]. Regardless, this discussion is a distraction, as Frugality does not dispute the existence of Plaintiff's trademark registration. [Dkt. 1-1]. Frugality offered infringing JIANGWANG branded products for sale on at least December 30, 2020, long after Plaintiff's registration date for the JIANGWANG mark. **Exhibit A**; [Dkt. 1-1]. Frugality was on notice of Plaintiff's trademark rights in the JIANGWANG mark and willfully sold counterfeit products in spite of that notice. USA-Halal, 402 F. Supp. 3d at 436. For the reasons discussed *supra*, Frugality has asserted no substantial argument why Plaintiff is not likely to succeed on the merits of its trademark infringement claim. The Court should recognize this point raised by Defendants as irrelevant and dismiss them from consideration.

The majority of factors to be considered listed in Packman strongly weigh in Plaintiff's favor of a finding of likelihood of confusion and a likelihood of success on the merits. 267 F.3d at 638. Plaintiff has exceeded its burden to establish at least some likelihood of success on the merits. Ty, Inc., 237 F.3d at 895.

    **c. The balance of harms weighs in favor of entering the Preliminary Injunction.**

The factual basis underlying this Court's entry of the TRO has not changed and continues to favor Plaintiff. While Frugality has asserted to be a U.S. based entity, Frugality has not identified any U.S.-based assets reachable by a judgement of this Court, and Frugality may still swiftly move any potential assets to locations outside of the U.S. if the preliminary injunction is not granted. [Dkt. 28 at 10] and [Dkt. 28-1 at ¶ 3]. Either way, upon determining that Frugality is purportedly based in the

United States, eBay did not freeze any funds belonging to Frugality and did not provide any contact information relating to Frugality's PayPal account (if any).

Without an asset restraint, Plaintiff would be prevented from realizing its right to final equitable relief of an account of profits and damages, or alternatively, statutory damages, and would be irreparably harmed. Frugality, on the other hand, would only have a potential harm that is purely monetary, modest, and for a finite period of time. Frugality has no legitimate interest in profits from the sale of infringing JIANGWANG products, the amount of which is, due in part to Frugality's withholding of certain information, currently unknown. Moreover, as willful counterfeiters, Frugality should be given little equitable consideration. In assessing the risk of irreparable harm to Frugality, the Court should "exclude[] any burden [the defendant] voluntarily assumed by proceeding in the face of a known risk." Luxottica Grp. S.p.A. v. Light in the Box Ltd., No. 16-cv-05314, 2016 WL 6092636 at *8 (N.D. Ill. Oct. 19, 2016). As the Seventh Circuit has recognized, "damages occasioned by trademark infringement are by their very nature irreparable." Ty, Inc., 237 F.3d at 902. It is "virtually impossible to ascertain the precise economic consequences of intangible harms, such as damage to reputation and loss of goodwill, caused by such violations." Id. (internal quotation omitted). In the face of these damages, the Seventh Circuit affirmed the granting of a preliminary injunction even where the chances of success on the merits were about 50 percent and the defendant asserted dire consequences, including potentially going out of business. Id., 237 F.3d at 896.

Furthermore, one of the aftereffects of the Trademark Modernization Act of 2020, in the preliminary injunction context, is the codification of the rebuttable presumption of irreparable harm in trademark infringement cases if there is a likelihood of success on the merits. H.R. 6196 Rep No. 116-645, at § 6 (2020) (amending 15 U.S.C. § 1116(a)). As discussed above, Plaintiff has a high likelihood of success on the merits and, therefore, there is a presumption of irreparable harm that

Frugality has failed to rebut. Accordingly, the balance of harms greatly weighs in Plaintiff's favor of granting the preliminary injunction. Ty, Inc., 237 F.3d at 903-904.

### d. The equitable relief sought, including the asset restraint, is appropriate.

As Frugality acknowledges, a restraint on assets is proper if a suit seeks equitable relief. CSC Holdings, Inc. v. Redisi, 309 F.3d 988, 996 (7th Cir. 2002). Plaintiff seeks equitable relief. Plaintiff's Complaint [Dkt. 1] includes, among other relief, a claim for an account of Defendants' profits, which is an equitable remedy. Gucci Am. v. Bank of China, 768 F.3d 122, 130-133 (2d Cir. 2014). The claim is based on 15 U.S.C. § 1117(a), which provides that a plaintiff in a trademark infringement case shall be entitled, "subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." Under that statute, if "the court shall find that the amount of the recovery based on profits is either inadequate or excessive, the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case." Gucci Am. 768 F.3d at 130.

Plaintiff's claim sets forth the amount of damages to which Plaintiff is entitled, including statutory remedies under 15 U.S.C. § 1117(c). Currently, Frugality's funds have not been restrained. As such, an order freezing the Defendants assets should be entered. *See, e.g.*, Lorillard Tobacco Co. v. Montrose Wholesale Candies, No. 03 C 4844, 2005 WL 3115892, at *13 (N.D. Ill. Nov. 8, 2005) (acknowledging Court's authority to freeze assets where the plaintiff sought disgorgement of defendant's profits under the Lanham Act); CSC Holdings, Inc. v. Redisi, 309 F.3d at 988 ("since the assets in question….were profits of the [defendants] made by unlawfully stealing [the plaintiff's] services, the freeze was appropriate and may remain in place pending final disposition of this case"); Reebok Int'l Ltd. v. Marnatech Enters., Inc., 970 F.2d 552, 559 (9th Cir. 1992) ("[B]ecause the Lanham Act authorizes the district court to grant [plaintiff] an accounting of [defendant's] profits as a form of final equitable relief, the district court had the inherent power to freeze [defendant's] assets in order

to ensure the availability of that final relief."); Monster Energy Co. v. Wensheng, 136 F. Supp. 3d 897, 910 (N.D. Ill. 2015) (denying motion to dissolve preliminary injunction in light of Lanham Act and Copyright Act claims and maintaining the injunction bond at $10,000). Accordingly, this Court should enter the preliminary injunction as it will safeguard Plaintiff's right to this equitable relief sought.

### III. Conclusion

This Court has already found that the evidence submitted, and arguments provided by Plaintiff supported the granting of the temporary restraining order. [Dkt. 18]. The Court has also deemed it appropriate to issue a preliminary injunction against all other Defendant Online Stores in this case based on the same evidence as that offered by Plaintiff with respect to Frugality. [Dkt. 30.] Frugality has not provided any substantive argument why its actions do not constitute trademark infringement of Plaintiff's JIANGWANG mark and the balance of harms clearly weighs in favor of granting the preliminary injunction. Plaintiff respectfully requests this Court enter a preliminary injunction against Defendant store Frugality, Inc. (listed as store no. 56) under the same terms which were employed in the previously entered preliminary injunction order. [Dkt. 30].

Dated May 24, 2021

Respectfully submitted,

/s/Ilya G. Zlatkin
Zlatkin Wong LLP
4245 N. Knox Ave.
Chicago, IL 60641
ilya@zlatkinwong.com
Ph. (312) 809-8022
Fax (312) 809-6918

*Counsel for Plaintiff Dan Wang*