IN THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Wang<br>    Plaintiff<br><br>v.<br><br><br>The Partnerships and Unincorporated Associations<br><br>    Defendants | C.A. No. <u>1:21-cv-01664</u><br><br><br><br>Defendant Giftenza's MOTION TO DISMISS FOR LACK OF PERSONAL JURSIDICTION<br><br>Hon. Virginia M. Kendall |

**DEFENDANT GIFTENZA'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
THEIR MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION UNDER FRCP12(b)(2)**

TABLE OF AUTHORITIES

### LACK OF PERSONAL JURISDICTION

**A.**    **Facts.**

Facts relevant to this issue include Defendant Giftenza is not a resident of the State of Illinois and Defendant Giftenza does not have a physical place of business in the State of Illinois ("Declaration of Paul Brown").

Also relevant is the fact that Defendant has never directed its marketed efforts to residents of the State of Illinois, nor has Defendant marketed within the State of Illinois ("Declaration of Paul Brown").

Defendant has never purposefully availed themselves of protections of the State of

Illinois.

**B.     Legal Standard.**

A court that lacks personal jurisdiction over a defendant must dismiss a case as to that party.  *Fed. Rules Civil Proc. 12(b)(2)*.  When considering a Rule 12(b)(2) motion, federal courts ordinarily follow state law in determining the bounds of their jurisdiction.  *Frank M. Sullivan, III et al. v. Bickler*, 360 F.Supp.3d 778, 783 (N. D. Ill. 2019), *with ref. to John Crane, Inc. v. Shein Law Ctd. Ltd.*, 891 F.3d 692, 695 (2018) ("The Illinois long-arm statute requires nothing more than the standard for federal due process: that the defendant has sufficient contacts with the forum state 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice").  It is the plaintiff's burden to establish a *prima facie* showing of jurisdiction.  *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017).

There are two forms of personal jurisdiction – general and specific.  *Sullivan* at 783.  A court may exercise personal jurisdiction over a defendant when defendant has purposefully directed their activities at the forum state, and the alleged injury arises out of the defendant's forum-related activities.  *Tamburo v. Dworkin*, 601 F.3d 693 (7th Cir. 2010).  The ultimate constitutional standard is whether the defendant had certain minimum contacts with the forum such that jurisdiction does not offend notions of fair play and substantial justice.  *uBid, Inc. v. GoDaddy Grp., Inc.* 623 F.3d 421, 425 (7th Cir. 2010).  The minimum-contacts analysis varies depending on the type of claim alleged.  *Felland v. Clifton,* 682 F.3d 665, 674 (7th Cir. 2012).  For torts, the minimum contacts

standard focuses on whether the conduct underlying the claim was purposefully directed at the forum state. *Tamburo,* 601 F.3d at 702. *See also, Sullivan III,* 360 F.Supp3d at 784-785 ("... Plaintiff's have failed to establish the minimum contacts necessary for specific jurisdiction. Plaintiff's complaint is vague, at best with respect to [defendant's] tortious activities in Illinois"). The purposeful availment requirement ensures that defendants are not haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985).

Regarding websites, it has been recommended that courts exercise care in resolving questions about personal jurisdiction involving online contacts to ensure a defendant is not haled into court simply because the defendant operates a website that is accessible in the forum state, even if the site is interactive. *Illinois v. Hemi Group, LLC,* 622 F.3d 754, 760 (7th Cir. 2010). Beyond simply operating an interacive website that is accessible from the forum state, a defendant must in some way *target* the forum state's market. *Be2 LLC v. Ivanov,* 642 F.3d 555, 558-559 (7th Cir. 2011). If the defendant merely operates a website, even a "highly interactive" website, that is accessible from the forum state, but does not target the forum state, then the defendant may not be haled into court in that state without offending the Constitution. *Id.*

Applied to the present case, Plaintiff asserts Defendant has committed tortious acts in the State of Illinois (Doc. 1 ¶ 1) based upon selling products that allegedly infringe Plaintiff's "trademarks" (Id.) Plaintiff has provided no evidence that Defendant

directed marketing efforts to residents of the State of Illinois. In fact, Defendant has never directed any efforts to the residents of the State of Illinois, marketing or otherwise ("Declaration of Paul Brown"). As Plaintiff asserts Defendant's actions are tortious in nature, determining whether Defendant developed minimum contacts with the state requires a determination of whether Defendant purposefully availed themselves of the jurisdiction.

As set forth above, Plaintiff set forth that Defendant operated an internet store (Doc. 1, ¶2). Plaintiff has not shown, as backed up by the Brown declaration, that defendant possesses a physical presence in the State. Further, Plaintiff has failed to provide evidence, aside from "information and belief" that defendant targeted the State of Illinois. In fact, Plaintiff's assertion is at most vague and at the least, fails to show any examples of forum targeting. *Frank M. Sullivan,* 360 F.Supp.3d 778 at 785 ("... the examples they provide fail to support this assertion. These examples show only that Bickler has used the name 'Survivor' on his website"). Defendant only operates a website, that, while Plaintiff asserts is interactive, did not target the instant forum state. Defendant may thus not be "haled into court without offending the Constitution".

Defendant believes it is within this court's discretion to not exercise jurisdiction, personal or otherwise, over defendant.

## CONCLUSION

Defendant prays that the Court will dismiss the Complaint over Defendant Giftenza for lack of personal jurisdiction.

Respectfully Submitted:

Robert DeWitty.