IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Dan Wang, | ) | |
|       Plaintiff, | ) | |
| | ) | Case No. 1:21-cv-01664 |
| | ) | |
|       v. | ) | Dist. Judge Virginia M. Kendall |
| The Partnerships and | ) | |
| Unincorporated Associations | ) | Mag. Judge Sheila M. Finnegan |
| Identified in Schedule "A," | ) | |
|       Defendants. | ) | |

**Plaintiff's Motion to Amend Default Judgment**

**NOW COMES** Plaintiff Dan Wang, by and through his counsel, and hereby moves this Court to alter or amend the Default Judgement [Dkt. 86] under Fed. R. Civ. P. 59(e) and states the following in support thereof:

**1.** On February 11, 2022, Plaintiff filed its Motion for Entry of Default Judgement supported by a memorandum [Dkts. 84, 85].

**2.** In the memorandum, Plaintiff requested the Court enter a damage award of $200,000 under 15 U.S.C. § 1117(c)(2), on the basis of defendants' internet counterfeiting activities, the public's use of a deterrent, and default judgment awards in similar cases.

**3.** Plaintiff provided a proposed default judgment order to the Court on February 11, 2022 to the Court's proposed order email address.

**4.** Plaintiff's Motion for Entry of Default Judgement was granted on February 24, 2022. [Dkt. 86].

**5.** Upon reviewing the entered default judgment, Plaintiff observed that, apparently due to a typographical error, the portion of the proposed order pertaining to the statutory damage award was omitted.

6.      It is necessary for the default judgment order to reflect the relief requested in the motion for entry of default judgment.

7.      Plaintiff has not served the default judgment order on any party.

8.      Federal rules provide that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed R. Civ. P. 59(e).

9.      Further, because the Court has found that Plaintiff is entitled to certain relief, namely, a statutory damage award of $200,000 from each defaulting defendant, amending the default judgment order is appropriate. <u>Continental Cas. Co. v. Howard</u>, 775 F.2d 876, 883 (7th Cir.1985); 11 Wright, Miller & Kane, Federal Practice & Procedure § 2810.1 ("A motion under Rule 59(e)…is appropriate if the court in the original judgment has failed to give relief on a certain claim on which it has found that the party is entitled to relief.") (collecting cases); *See*, <u>Lubecki v. Omega Logging, Inc.</u>, 674 F. Supp. 501, 513 (W.D. Pa. 1987) (correcting damage award due to transcription error).

**WHEREFORE**, for the foregoing reasons, Plaintiff respectfully requests the court amend the default judgment order to a new proposed order submitted herewith.

Dated: February 28, 2022

Respectfully submitted,

/s/Ilya G. Zlatkin
Ilya G. Zlatkin
Zlatkin Wong LLP
4245 North Knox Avenue
Chicago, Illinois 60641
(312) 809-8022
ilya@zlatkinwong.com

*Counsel for Plaintiff Dan Wang*