UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Dang Wang, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:21-cv-01664 |
| ) | |
| The Partnerships and Unincorporated ) | DEFENDANT'S MOTION FOR |
| Associations Identified on Schedule "A" ) | JUDGMENT ON THE PLEADINGS |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DEFENDANT FRUGALITY INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Pursuant to the Court's March 1, 2022 Order, Defendant, Frugality Inc. (hereinafter to as "Frugality" in light of the numerous defendants named in this action), hereby moves for judgment on the pleadings, and, in support, states:

### PRELIMINARY STATEMENT

Frugality is entitled to judgment on the pleadings because Plaintiff, Dang Wang (hereinafter "Plaintiff") failed to allege any allegations, literally zero specific allegations, against Frugality in its Complaint and failed to bring forward any evidence to support any claim that Frugality infringed on Plaintiff's mark. The Complaint is devoid of any allegations that demonstrate any likelihood of confusion between Plaintiff's products and any products Frugality may have sold online. There are simply no allegations against Frugality in the complaint.

### RELEVANT FACTUAL BACKGROUND

Frugality is a United States based business operated out of Milton, Florida. (DE. 28, Declaration of W. English) that sells products online.

Plaintiff contends that it specializes in the creation, manufacture, marketing, and licensing of products which allegedly contain its federally registered trademark. Plaintiff, in a haphazard attempt to bring action against as many alleged "infringers" as possible, sued a multitude of defendants making almost no specific mention of, and no specific allegations against Frugality.

Plaintiff's Complaint is devoid of any reference to Frugality specifically, and, fails to make any specific allegation as to how Frugality sold any allegedly infringing products. Instead, Plaintiff set forth a series of broad allegations that contend that all Defendants are counterfeiting and obscuring their identity by using Plaintiff's trademarks on counterfeit goods. The Complaint fails to make any reference to Frugality's use of a mark that may be deemed infringement and lacks any specific information to support its claims that consumers will be confused as to the source of the products allegedly sold by Frugality.

It is for the foregoing reasons that Plaintiff has failed to display any genuine issue of material fact with relation to Frugality. As such, Frugality seeks an Order of judgment on the pleadings from this Court dismissing Plaintiff's claims against Frugality.

## **MEMORANDUM OF LAW**

A judgment on the pleadings is a judgment entered on the basis of legal questions in the claims and defenses presented. Under Federal Rule of Civil Procedure 12(c), a judgment on the pleadings may be sought by either party after the time for all responsive pleadings has passed and early enough not to delay the trial calendar. Typically in the Seventh Circuit, a motion for judgment on the pleadings can only be filed once the pleadings have "closed" – in other words –

once the defendant has filed an answer. In determining whether to enter judgment on the pleadings, the trial court is limited only to the pleadings. *National Fidelity Life Ins. Co. v. Karangis*, 811 F.2d 357 (7th Cir. 1987). In this case, the pleadings are "closed" as the Answer was filed. (DE 27.)

In considering a motion for judgment on the pleadings, courts employ the same standard as that applied to a motion to dismiss under Rule 12(b)(6). *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend,* 163 F.3d 449, 452 (7th Cir. 1998). A motion for judgment on the pleadings is appropriate when the complaint fails to state a cause of action. *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015). When ruling on a defendant's motion, all of the well pled allegations in the plaintiff's complaint are taken as true, and all exhibits attached to the complaint will also be considered. *Chi-Mil Corp. v. W.T. Grant Co.*, 70 F.R.D. 352, 358 (E.D. Wis. 1976). Any nonmovant must be entitled to all reasonable inferences in their favor, and if there is an inconsistency between the complaint allegations and exhibits, the pleading is rendered objectionable. *Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1980). However, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986).

A Rule 12(c) motion also challenges the legal sufficiency of the opposing party's pleadings and can be used to attack subject matter jurisdiction. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7,* 570 F.3d 811, 820 (7th Cir. 2009). In other words, both types of motions ask the district court to look at the pleadings to determine whether the adversary has a legally cognizable claim. As with a Rule 12(b)(6) motion, if the court considers matters outside the pleadings, it must convert the motion to one for summary judgment and provide all parties a reasonable opportunity

to present all material made pertinent to such a motion by Rule 56. However, in considering a Rule 12(c) motion, a district court "may also take judicial notice of matters of public record" without converting the motion into one for summary judgment. *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991); see also *Williamson v. Curran*, 714 F.3d 432, 441-43 (7th Cir. 2013).

Thus, here, it follows that in the context of trademark infringement, judgment on the pleadings in favor of Frugality is appropriate because plaintiff failed any proper causes of action and failed to plead in a manner that created any issues of material facts with relation to the infringement dispute.

I. **Plaintiff Has Failed to Make a Specific Allegation Against Defendant Frugality.**

As a threshold matter, plaintiffs must allege specific counts against a particular adverse defendant in order to properly state a claim for relief. When plaintiffs fail to do so, defendants are entitled to judgment on the pleadings by showing that no material facts are in dispute. At some point, the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8 of the Rules of Civil Procedure. *Doss v. Clearwater Title Co.*, 551 F.3d 634, 639 (7th Cir. 2008). Complaints must include at least "a short and plain statement of the claim showing that the pleader is entitled to relief." Such a statement must, at least, "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

Where a complaint of trademark infringement fails to make a specific allegation about the defendant's use of the plaintiff's mark, the burden of proof will shift to the plaintiff to demonstrate why exactly judgment as a matter of law in favor of the defendant would be improper. See *Midway Mfg. Co. v. Publications Int'l*, 1994 U.S. Dist. LEXIS 6264 (N.D. Ill. 1994).

In the instant case, an analogous situation to that presented in *Midway*, Plaintiff's Complaint fails to address or allege how Defendant is purported to infringe, and offers no documentary evidence, attachments, exhibits, or written description pertaining to how Frugality infringed or sold counterfeit products. Trademark infringement allegations, regardless of their form, should provide enough explanation as to "identify and describe their trade dress in some detail." *Weber-Stephen Prods. LLC v. Sears Holding Corp.*, 2013 U.S. Dist. LEXIS 153806 (N.D. Ill. Oct. 25, 2013); see also *Mighty Deer Lick, Inc. v. Morton Salt, Inc.*, 2020 U.S. Dist. LEXIS 23206, at *22 (N.D. Ill. Feb. 11, 2020) ("plaintiff must provide enough detail to put Morton on notice as to what the plaintiff believes constitutes its protectable trade dress"). Plaintiff has not made any specific allegations or illustrated any detail about Frugality's alleged infringement in its Complaint, and, as a result, has failed to state a cause of action or present any genuine issue of material fact that supports maintaining any claims against Frugality on the pleadings.

## II. Plaintiff Failed to Show a Likelihood or Evidence of Confusion.

When looking at the facts and circumstances in the light most favorable to the non-moving party and assuming, for the sake of this argument, that Plaintiff had made specific and verifiable allegations against Defendant Frugality for trademark infringement, Defendant is nonetheless entitled to an Order of judgment on the pleadings from this Court as a result of Plaintiff's failure to show any likelihood of or evidence pointing to consumer confusion caused by Frugality in any of its pleadings. In order for a plaintiff to succeed on its claim of trademark infringement, said plaintiff must prove that there is a likelihood of confusion between its use of the mark in question and, in the motion at bar, Frugality's use of the same mark. *Forum Corp. of North America v. Forum, Ltd.*, 903 F.2d 434, 439 (7th Cir. 1990). Because "a trademark is an identifier rather than a property right, the use of a competitor's mark that does not cause confusion as to source is

permissible." *Knaack Mfg. Co. v. Rally Accessories, Inc.*, 955 F. Supp. 991, 999 (N.D. Ill. 1997) (citing *Libman Co. v. Vining Industries, Inc.*, 69 F.3d 1360, 1362 (7th Cir), *cert. denied*, 517 U.S. 1234, 116 S. Ct. 1878, 135 L. Ed. 2d 173 (1995)). The plaintiff must therefore prove that a significant number of consumers were confused by the defendant's use of the mark rather than an isolated occurrence of confusion. *Id.* (citing *Door Systems, Inc. v. Pro-Line Door Systems, Inc.*, 83 F.3d 169, 173 (7th Cir. 1996)). In *Door Systems*, it was explained that while "likelihood of confusion" is a question of fact, it can be determined as an ultimate matter at the summary judgment stage if it is not contestable. A judgment on the pleadings will be appropriate on a False Designation of Origin claim, based on a comparison of the advertisements and other uses by both sides, if there is no reasonable likelihood that consumers could mistake the identity or source of the product. To win on a motion for judgment on the pleadings, just as on a summary judgment motion, defendant as the moving party must show that a likelihood of confusion does not exist. *Source Services Corp. v. Source Telecomputing*, 635 F. Supp. 600, 610 (N.D. Ill. 1986). Absent a reasonable likelihood of confusion, the defendant will be entitled to judgment on the pleadings.

Here, there is nothing to support any claim of any likelihood of confusion. Plaintiff simply made a series of conclusory statements in its Complaint as to how a multitude of defendants allegedly infringed on Plaintiff's trademark and caused consumer confusion. Plaintiff has not provided any evidence of confusion or any basis of knowledge supporting its allegation that confusion has actually or would be likely to take place.

Even if the identities of the few "confused customers" were known, it would hold little weight because "isolated instances do not compel the conclusion that confusion is likely." *Quill Natural Spring Water, Ltd. v. Quill Corp.*, 1994 U.S. Dist. LEXIS 14418, No. 91 C 8071 at *2, 1994 WL 559237 (N.D. Ill. 1994). Rather, the plaintiff must show that a significant number

of consumers were confused. *Knaack Mfg. Co. v. Rally Accessories, Inc.*, 955 F. Supp. 991, 999 (N.D. Ill. 1997). Plaintiff has not done so and therefore, plaintiff cannot show actual confusion from Frugality's use of Plaintiff's mark, assuming such use even occurred.

## **CONCLUSION**

Plaintiff's Complaint lacks the necessary specificity and detail with relation to its allegations and its evidence of consumer confusion, and thus, no genuine issue of material fact exists with relation to Plaintiff's trademark infringement claims against Frugality. For the reasons stated herein, Frugality seeks an Order of judgment on the pleadings in its favor pursuant to Federal Rule of Civil Procedure 12(c).

WHEREFORE, Defendant Frugality respectfully requests that this Court enter an Order of judgment on the pleadings in its favor as to any and all claims made by Plaintiff in its Complaint and for any and all further relief as this Court deems just and proper.

Dated: March 9, 2022            Respectfully Submitted,

By:    *s/ Cory Jay Rosenbaum*
        (electronically signed)
        C. J. Rosenbaum, Esq. *
        Rosenbaum, Famularo & Segall, PC
        138A East Park Avenue
        Long Beach, NY 11572
        CJR@AmazonSellersLawyer.com
        212.256.1109 | NYS Bar #2669133

*Admitted to practice in the State of New York, the Southern Dist. of NY; the Eastern Dist. of NY; and the Northern Dist. of Ill.

## **CERTIFICATE OF SERVICE**

 A true and correct copy of the foregoing was served on Ilya Zlatkin, Esq. at Ilya@ZlatkinWong.com this 10th, day of March, 2022.

*/s/ Cory Jay Rosenbaum*
(electronically signed)
C. J. Rosenbaum, Esq. *
