IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Dan Wang, | ) | |
|       Plaintiff, | ) | |
| | ) | Case No. 1:21-cv-01664 |
| | ) | |
|       v. | ) | Dist. Judge Virginia M. Kendall |
| The Partnerships and | ) | |
| Unincorporated Associations | ) | Mag. Judge Sheila M. Finnegan |
| Identified in Schedule "A," | ) | |
|       Defendants. | ) | |

**Plaintiff Dan Wang's Opposition to Defendant Frugality's
Motion for Judgment on the Pleadings**

**NOW COMES** Plaintiff Dan Wang ("Plaintiff"), by and through Plaintiff's undersigned counsel, and hereby submits this memorandum in opposition to Defendant Frugality Inc.'s ("Frugality") motion for judgment on the pleadings [Dkt. 91].

**I.   Background**

On March 27, 2021, Plaintiff filed the Complaint against individuals and entities that operated domain names and online storefronts asserting trademark infringement, false designation of origin, and violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq*. [Dkt. 1]. Also on March 27, 2021, Plaintiff filed an <u>ex parte</u> Motion for a Temporary Restraining Order, seeking to enjoin all defendants in the lawsuit from manufacturing importing, distributing, offering for sale, or selling any infringing versions of Plaintiff's products, as well as a temporary asset restraint. [Dkt. 5]. The Court entered the TRO on April 5, 2021. [Dkt. 18]. On April 30, 2021, Frugality filed an answer to the Complaint generally denying the allegations. [Dkt. 27].

Plaintiff's Complaint sets forth detailed factual allegations against Frugality supporting Plaintiff's claims. In seeking judgment on the pleadings in its favor, Frugality baldly and improperly invites the Court to overlook, if not simply ignore, these factual allegations giving rise to Plaintiff's sufficiently pleaded causes of actions. Accordingly, Plaintiff respectfully requests that the Court deny

Frugality's Motion in its entirety and grant Plaintiff his attorneys' fees associated with responding to Frugality's baseless and superfluous motion.

## II. Argument

### a. Legal Standard

"A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." Adams v. City of Indianapolis, 742 F.3d 720, 7279–28 (7th Cir. 2014). However, in evaluating a motion for judgment on the pleadings, the Court may consider "the complaint, the answer, and any written instruments attached as exhibits." N. Indiana Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 452 (7th Cir. 1998).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." McReynolds v. Merrill Lynch & Co., 694 F.3d 873, 878 (7th Cir. 2012). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations, but it must provide enough factual support to raise their right to relief above a speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A claim must be facially plausible, meaning that the pleadings must "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" E.E.O.C. v. Concentra Health Servs., Inc., 496 F.3d 773, 776 (7th Cir. 2007), quoting, Twombly, 550 U.S. at 555.

### b. Plaintiff's Complaint Sufficiently Puts Frugality on Notice of the Claims Against Frugality.

Frugality crudely disregards the well-known pleading principles under Rule 8 and instead encourages a heightened pleading standard by arguing that Plaintiff's Complaint has failed because it

does not specifically allege or offer documentary evidence as to how Frugality is purported to infringe. However, this argument is meritless as "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the…claim is and the grounds upon which it rests." KJ Korea, Inc. v. Health Korea, Inc., 66 F. Supp. 3d 1005, 1011 (N.D. Ill. 2014) (internal citations omitted). In other words, claims based on trademark counterfeiting do not need to be pled with "specificity" or some heightened pleading standard. MGA Ent., Inc. v. Dynacraft BSC, Inc., 2018 WL 2448123 at *3 (C.D. Cal. May 30, 2018) ("There is no case in which the heightened [9(b)] pleading standard has been applied to such trademark counterfeiting claims."); see, Stubbs Collections, Inc. v. Davis, 2000 WL 381947 at *4 (N.D. Tex. Apr. 14, 2000) ("[A] claim of infringement under 15 U.S.C. § 1114 does not constitute a claim subject to the heightened pleading requirements of Rule 9(b)."). Frugality's cumbersome citation to Midway Mfg. Co. v. Publications Int'l, Ltd., No. 94 C 1005, 1994 WL 188531 (N.D. Ill. May 12, 1994) does not stand for a contrary proposition, and is altogether distinguishable: there, the Court found there was no trademark infringement not because the Complaint did not make specific allegations of Frugality's use of the allegedly infringing mark, but rather because the alleged infringing mark "Midway" was only used once in a book in identifying Midway as the licensor of the home versions of the game. This is clearly distinguishable from the current case, where the mark was used to enable and facilitate sales of counterfeit JIANGWANG products. [Dkt. 1, ¶ 39].

Other cases Frugality relies on to support a heightened pleading standard are inapplicable, as they describe the pleading standards for a complaint's **trade dress** infringement, not trademark infringement like the current case. Mighty Deer Lick, Inc. v. Morton Salt, Inc., 2020 WL 635904 at *8 (N.D. Ill. Feb. 11, 2020); Weber-Stephen Prod. LLC v. Sears Holding Corp., 2013 WL 5782433 at *4 (N.D. Ill. Oct. 25, 2013). Further, the above cited cases only indicate that Plaintiff must describe the trade dress in enough detail to put Frugality on notice as to what Plaintiff believes is its protectable trade dress. Plaintiff has met this burden regarding the trademark at issue in this case.

The Complaint sufficiently alleges that Plaintiff has registered the JIANGWANG Mark with the United States Patent and Trademark Office on the Principal Register, and such registration is valid, subsisting, and in full force and effect. [Dkt. 1 ¶¶ 20–21]. Plaintiff is the owner of all rights, title, and interest in and to the JIANGWANG Mark and has spent considerable resources growing and protecting the JIANGWANG brand. [Dkt. 1 ¶¶ 18–19]. Accordingly, Plaintiff has made painfully clear to Frugality that the JIANGWANG Mark is the mark at issue in this litigation. [Dkt. 1 ¶ 19]. Frugality has not cited a single case that characterizes this type of pleading as inadequate under Rule 8.

Contrary to Frugality's argument, Plaintiff has provided a sufficient basis to determine that Frugality has infringed the JIANGWANG Mark. Plaintiff need not make specific allegations against Frugality, as grouping defendants together in a complaint is permissible when it is alleged that "each defendant, on his or her own, engaged in precisely the same misconduct," as was the case here. Slep-Tone Ent. Corp. v. Coyne, 41 F. Supp. 3d 707, 714 (N.D. Ill. 2014).

Frugality blatantly ignores the factual allegations of the Complaint stating that "Defendants enable and facilitate sales of the Counterfeit JIANGWANG Products by presenting the Frugality Online Stores as legitimate resellers using standardized product listing layouts and terminology" and that Defendants use the JIANGWANG Marks in "the product description, titles, or meta tag of their store listings" and "within their product listing images." [Dkt. 1 ¶¶ 39-40]. Accordingly, it is unreasonable if not preposterous, for Frugality to argue that they are not on notice of the claims against them. See, Desmond v. Chicago Boxed Beef Distributors, Inc., 921 F. Supp. 2d 872, 881 (N.D. Ill. 2013) ("Plaintiff's allegations that Defendants engaged in the sale, purchase, and distribution of goods bearing Moo & Oink's Marks properly state a cause of action for trademark infringement.").

### c. Plaintiff Has Sufficiently Pleaded That Defendant Frugality's Use of Plaintiff's Protectable Mark Is Likely to Cause Confusion Among Customers.

Contrary to Frugality's argument, Plaintiff has presented more than sufficient allegations to support a finding of likelihood of confusion. Indeed, this Court has already determined the likelihood

of success of the merits of Plaintiff's claims. [Dkt. 18]. Since the likelihood of confusion test is a fact-intensive one, it "ordinarily does not lend itself to a motion to dismiss." Slep-Tone Entm't Corp. v. Coyne, 41 F. Supp. 3d 707, 715 (N.D. Ill. 2014) (internal quotation marks omitted). Therefore, the issue here is to "assess[] whether [Plaintiff] has pleaded facts that plausibly could result in a successful outcome on the likelihood of confusion element of its claim." Id. The Seventh Circuit "uses the following seven factors to determine [ ] likelihood of confusion: (1) the similarity between the marks in appearance and suggestion; (2) the similarity of the products; (3) the area and manner of concurrent use; (4) the degree of care likely to be exercised by consumers; (5) the strength of the plaintiff's mark; (6) any evidence of actual confusion; and (7) the intent of the defendant to 'palm off' his product as that of another." Sorensen v. WD-40 Co., 792 F.3d 712, 726 (7th Cir. 2015). "The likelihood of confusion test is an equitable balancing test" and "courts may assign varying weights to each of the factors depending on the facts presented . . . As a result, plaintiff's failure to allege each of the factors is not fatal to its claim." Illinois Tool Works, Inc. v. Chester Bros. Machined Prod., 2006 WL 2191982 at *2 (N.D. Ill. July 27, 2006).

Frugality fails to even cite to the Seventh Circuit's seven factor test for likelihood of confusion and does not explain in any depth how Plaintiff has failed to plead facts supporting these factors, nor could they. Plaintiff's Complaint alleges similarities of the marks by noting that "Defendants will use the JIANGWANG Marks, without authorization, in the product description, titles, or meta tag of their store listings, and "will reproduce the JIANGWANG Mark within their product listing images." [Dkt. 1 ¶ 40]. This plausibly alleges that Frugality is using marks that are identical to the ones detailed by Plaintiff in the Complaint, thus satisfying the first factor. See, Mighty Deer Lick, Inc. v. Morton Salt, Inc., 2020 WL 635904 at *7 (N.D. Ill. Feb. 11, 2020).

Plaintiff also sufficiently alleges similarity of the products. Courts assessing this factor consider "whether the products are the kind the public might very well attribute to a single source." AutoZone,

Inc. v. Strick, 543 F.3d 923, 931 (7th Cir. 2008). Plaintiff's Complaint alleges that Defendants "enable and facilitate sales of the Counterfeit JIANGWANG Products by presenting the Frugality Online Stores as legitimate resellers using standardized product listing layouts and terminology". [Dkt. 1 ¶ 39]. The Court can plausibly infer that Plaintiff and Frugality are both attempting to sell a nearly identical product, and this is sufficient to satisfy the second factor. See, KJ Korea, 66 F. Supp. 3d at 1015-16 (second factor satisfied where plaintiffs alleged "that both Plaintiffs and Defendants produce nutritional supplements, massage apparatuses, and health food products in association with their respective marks"); Lorillard Tobacco Co. v. J.J. Shell Food Market, Inc., 2005 WL 8177551, at *4 (N.D. Ill. Oct. 27, 2005) (second factor satisfied where "the counterfeit products are the exact same type of goods as Plaintiffs [sic]").

Plaintiff's Complaint alleges that Frugality's use the Marks in their online stores "to attract consumers who are searching for JIANGWANG Products", and the Court can plausibly conclude that Defendants are attempting to target precisely the same market as Plaintiff. [Dkt. 1 ¶ 40]; see, Mighty Deer Lick, 2020 WL 635904 at *7. Accordingly, Plaintiff sufficiently alleges the third factor. In evaluating the fifth factor, "courts examine the distinctiveness of the mark, or more precisely, its tendency to identify the goods sold under the mark as emanating from a particular source." Top Tobacco v. Fantasia Distribution Inc., 101 F. Supp. 3d 783, 791 (N.D. Ill. 2015) (internal citations and quotes omitted). In Top Tobacco, the plaintiff alleged "significant time, effort, and resources in 'marketing and promoting [its product] under and in connection with the [ ] mark,' which as a result is 'well-known and recognized by the public as identifying and distinguishing [its] products' and has gained consumer goodwill." Id. Similarly, Plaintiff had made nearly identical allegations in the Complaint and raised the possibility of relief on the fifth factor above the speculative level. [Dkt. 1 ¶¶ 11–13]. Lastly, Plaintiff's Complaint alleges that Frugality use the JIANGWANG Mark in product descriptions, titles, or within their product listings to attract customers who are searching for

JIANGWANG Products and to deceive unknowing consumers. [Dkt. 1 ¶ 40]. Accordingly, Plaintiff clearly alleges the seventh factor.

The aforementioned allegations constitute five of the seven non-exclusive factors that courts in the Seventh Circuit consider when determining whether a likelihood of confusion exists. Again, specific facts are not necessary; "the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." E.E.O.C., 496 F.3d at 776 (internal citations omitted). Taken as true, these allegations of the Complaint are more than sufficient to plausibly suggest that Plaintiff could prevail on a finding of a likelihood of confusion. Wallace Computer Servs., Inc. v. Adams Bus. Forms, Inc., 837 F. Supp. 1413, 1420 (N.D. Ill. 1993) ("Five of the seven delineated factors have been pleaded by the plaintiff, which allows a reasonable inference of a likelihood of confusion."); Slep-Tone, 41 F. Supp. 3d at 717 (finding that a complaint that failed to allege three of the seven factors still pleaded enough to survive a motion to dismiss).

### d. Plaintiff Is Entitled to Attorneys' Fees as a Result of Defendant Frugality's Frivolous Motion.

Under federal law, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. After the court "has found violations under section 1927, the court has the discretion to award attorneys' fees." Iosello v. Lawrence, 2005 WL 2293680 at *3 (N.D. Ill. Sept. 16, 2005).

"Objective bad faith" will support a sanction under Section 1927. Bell v. Vacuforce, LLC, 908 F.3d 1075, 1081-82 (7th Cir. 2018). A lawyer demonstrates objective bad faith when he "pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound." Id. (internal citations omitted). Further, the standard for objective bad faith does not require a finding of malice or ill will; reckless indifference to the law will qualify. Dal Pozzo v. Basic Mach. Co., 463 F.3d 609, 614 (7th Cir. 2006).

Frugality's counsel should have reasonably known that Frugality's Motion for Judgment on the Pleadings is legally unsound for the many reasons articulated above. Frugality makes the argument that the Complaint fails to allege how Frugality is purported to infringe, however, in doing so, they blatantly ignore the numerous factual allegations clearly describing the Mark at issue and Frugality's infringing conduct. Frugality also irrelevantly cites to cases regarding trade <u>dress</u> infringement and improperly incorporates that law into the current case, where a registered trademark, not trade dress, is at issue. [Dkt. 91 at 5]. Frugality also conclusively argues that "there is nothing to support any claim of any likelihood of confusion" without even citing the Seventh Circuit's seven factor test for likelihood of confusion or explaining in any depth how Plaintiff has failed to support these factors. [Dkt. 91 at 6]. This Court determined Plaintiff was likely to succeed on the merits of Plaintiff's claims months ago. Frugality's argument ignores that, and any reasonable analysis of the Complaint reveals that Plaintiff has sufficiently pleaded a plurality of the factors and could prevail on a finding of likelihood of confusion. Frugality completely ignores this analysis and instead makes unsound legal conclusions in arguing that Plaintiff has failed to show a likelihood of confusion.

Furthermore, when initiating this suit, Plaintiff presented substantial evidence and documentation that Frugality clearly and blatantly offered for sale counterfeit products containing Plaintiff's Mark, thereby infringing Plaintiff's protected Mark. [<u>Compare</u> Dkt. 1-2 (exhibit containing Plaintiff's genuine listing), <u>with</u> Dkt. 8-3 (sealed exhibit containing evidence of counterfeit products being offered for sale by various Defendants, including by Frugality)]. This evidence, on which the Court relied in granting the TRO (with respect to all Defendants, including Frugality) and preliminary injunction (with respect to all Defendants except Frugality), clearly supports a finding that an ordinary customer would likely be confused as to the origin of Frugality's products and potentially deceived into buying illegal counterfeit products from Frugality rather than authentic products sold by Plaintiff. Rather than acknowledge its wrongdoing, Frugality elected to oppose entry of the preliminary

injunction against Frugality. [See, Dkt. 28]. In replying to Frugality's opposition to the preliminary injunction, [Dkt. 33], Plaintiff filed an exhibit containing specifically Frugality's infringing listings. [Dkt. 33-1]. Despite being presented with this substantial evidence, however, Frugality has still chosen to bring its baseless motion. Frugality's objectively unreasonable arguments – particularly here, where Frugality's counsel routinely participates in Schedule A cases such as these - justify sanctions under Section 1927 in the amount of attorneys' fees incurred by Plaintiff in responding to Frugality's patently frivolous motion. See, Bell, 908 F.3d at 1081–82 (upholding Section 1927 sanctions where defendant's counsel was familiar with claims and defenses).

### III. Conclusion

Plaintiff's Complaint plausibly alleges that the Frugality has infringed Plaintiff's trademark rights and has put Frugality on notice of the claims against Frugality. Plaintiff has clearly identified their intellectual property rights being infringed and have set for more than sufficient allegations to plausibly allege customer confusion. Accordingly, the Court should deny Frugality's Motion for Judgment on the Pleadings, and award Plaintiff his reasonable' fees in having to respond to Frugality's superfluous motion.

Dated: March 31, 2022

Respectfully submitted,

/s/Ilya G. Zlatkin
Ilya G. Zlatkin
Zlatkin Wong LLP
4245 North Knox Avenue
Chicago, Illinois 60641
(312) 809-8022
ilya@zlatkinwong.com

*Counsel for Plaintiff Dan Wang*