UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Dan Wang, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:21-cv-01664 |
| ) | |
| The Partnerships and Unincorporated ) | |
| Associations Identified on Schedule "A" ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant, Frugality, Inc. (hereinafter: "Defendant" or "Frugality") hereby submits this reply to Plaintiff, Dan Wang's opposition to Defendant's motion for judgment on the pleadings (hereinafter: "Defendant's Motion"), filed on March 9th, 2022. Plaintiff's opposition memorandum contains nothing more than a series of empty, misplaced, and contradictory misstatements of Defendant's motion, Plaintiff's own Complaint, and the law. It is for the foregoing reasons that Defendant submits this response in order to address Plaintiff's opposition memorandum.

**I.     Plaintiff Has Avoided Directly Addressing Defendant's Main Arguments.**

In its March 9th, 2022 motion for judgment on the pleadings, Defendant raised two very straightforward arguments in support of its claim for relief: (A) Plaintiff had failed to make a specific allegation against Defendant Frugality; and (B) Plaintiff had failed to show a likelihood or evidence of confusion. Of course, these claims relate directly to Plaintiff's Complaint, as a judgment on the pleadings looks only to the pleadings and nothing else. *National Fidelity Life Ins. Co. v. Karangis*, 811 F.2d 357 (7th Cir. 1987).

In the Seventh Circuit, it is well established that arguments not raised in an opening brief or complaint are waived. *Wonsey v. City of Chi.*, 940 F.3d 394, 398 (7th Cir. 2019). The facts asserted in a memorandum in opposition to a motion to dismiss, but not contained in the complaint, are only relevant to the extent that they "could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984); *Hrubec v. National R.R. Passenger Corp.,* 981 F.2d 962, 964 (7th Cir. 1992).

Yet and still, in its opposition memorandum, Plaintiff chose to address each of Defendant's two points in Defendant's Motion by informally and improperly attempting to amend its poorly-pleaded Complaint in the form of a reply brief by setting forth new and additional information. Plaintiff's opposition memorandum attempts to present arguments and evidence that were simply not raised in its opening Complaint and thus should be ignored by the Court. These new arguments are not consistent with the empty allegations contained in the Complaint, and thus, the Court should not consider these arguments in its ruling because "it is axiomatic that arguments and issues raised in a reply brief are waived." *United States v. Fluker,* 698 F.3d 988, 1004 (7th Cir. 2012); *see Harrison v. Helman,* 191 F.3d 456, 456 (7th Cir. 1999).

**A. Defendant's First Argument for Judgment on the Pleadings.**

In order to avoid wasting this Court's time, Defendant's first argument in its Motion further confirmed that Plaintiff's failed to make any specific allegations as to Defendant's alleged infringement. Defendant used pertinent case law as to the manner of pleading when it comes to intellectual property infringement in order to demonstrate the fact that Plaintiff had failed to state a cause of action or present any genuine issue of material fact in its Complaint that would support its claims against Frugality specifically. Defendant used language from the Court in *Midway Mfg. Co. v. Publications Int'l*, 1994 U.S. Dist. LEXIS 6264 (N.D. Ill. 1994) for the sole purpose of emphasizing the importance in making a specific allegation when pleading trademark infringement. Plaintiff would like this Court to dismiss the significance of this language entirely simply because the facts in *Midway* introduce a second issue into the fold. It is in this context where Plaintiff has missed the relevance of including the *Midway* decision. Defendant used the *Midway* decision to point out that Plaintiff's Complaint here, as was the case in *Midway*, failed to address or allege how Defendant is purported to infringe.

While Plaintiff did in fact sufficiently plead the existence of its trademark, Plaintiff failed to provide a sufficient basis in determining how Frugality specifically infringed on Plaintiff's JIANGWANG mark. Rather than cite to the language of its Complaint wherein Plaintiff contends to have alerted Defendant Frugality specifically as to its alleged infringing acts, Plaintiff simply repeats the language of its poorly-pleaded Complaint, alleging broad and vague acts of potential infringement against a wide variety of defendants, one of which in that class happened to be Defendant Frugality. This sort of shotgun pleading is not sufficient to meet even the lowest standard of pleading, let alone the standard which both Plaintiff and Defendant have relied so heavily upon.

Defendant does not argue for or encourage this Court to employ a heightened pleading standard. Instead, Defendant urges Plaintiff to recognize the fact that the factual allegations in its claim must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). Since Plaintiff cites to *KJ Korea, Inc. v. Health Korea, Inc.*, 66 F. Supp. 3d 1005, 1011 (N.D. Ill. 2014) in establishing the appropriate standard, so shall we. There it is cited that "[t]he Court reads the complaint and assesses its plausibility as a whole. See *Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011); *cf. Scott v. City of Chi.*, 195 F.3d 950, 952 (7th Cir. 1999) ("Whether a complaint provides notice, however, is determined by looking at the complaint as a whole.") Defendant's contention is that Plaintiff's Complaint, as a whole, fails to put Defendant Frugality on notice as to what Defendant Frugality specifically has done to infringe upon Plaintiff's trademark. Plaintiff's opposition memorandum did not even attempt to address the specific ways in which Plaintiff's Complaint, as a whole, put Defendant Frugality on notice, because there were no such allegations.

### B. Defendant's Second Argument for Judgment on the Pleadings.

Similarly, Defendant simplistically laid out in its Motion that Plaintiff had failed to show a likelihood or evidence of confusion that would satisfy the pleading requirements for trademark infringement. Instead of addressing this point directly by pointing out where exactly in its Complaint Plaintiff illustrated a likelihood or evidence of confusion, Plaintiff chose to lay out the Seventh Circuit's well-recognized seven factor test in determining likelihood of confusion, an approach which Plaintiff did not adopt in its Complaint. Plaintiff attempts to attack Defendant's Motion by arguing that Defendant failed in its motion to lay out these seven factors. However, it is Plaintiff who failed to articulate these factors in its Complaint when alleging that a collective

4

class of "Defendants" created a likelihood of confusion. Considering the fact that Plaintiff never addressed these factors in its initial pleading, Plaintiff's miscalculated application of these factors after pleadings have already been closed is increasingly inappropriate.

As for the substance of Defendant's argument that Plaintiff failed to show a likelihood or evidence of confusion that would satisfy the pleading requirements for trademark infringement, Defendant stands by the fact that Plaintiff's overbroad allegations are insufficient to plausibly suggest that Plaintiff could prevail on a finding of likelihood of confusion. "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Again, as stated throughout Defendant's Motion, Plaintiff simply made a series of conclusory statements in its Complaint as to how a multitude of defendants allegedly infringed on Plaintiff's trademark and caused consumer confusion. Plaintiff has not provided any evidence of confusion or any basis of knowledge supporting its allegation that confusion has actually or would be likely to take place. Even if the identities of the few "confused customers" were known, it would hold little weight because "isolated instances do not compel the conclusion that confusion is likely." *Quill Natural Spring Water, Ltd. v. Quill Corp.*, 1994 U.S. Dist. LEXIS 14418, No. 91 C 8071 at *2, 1994 WL 559237 (N.D. Ill. 1994). Rather, the plaintiff must show that a significant number of consumers were confused. *Knaack Mfg. Co. v. Rally Accessories*, Inc., 955 F. Supp. 991, 999 (N.D. Ill. 1997). Plaintiff has not done so and therefore, plaintiff cannot show actual confusion from Frugality's use of Plaintiff's mark, assuming such use even occurred.

II. **Plaintiff's Argument for Attorney's Fees is Misplaced.**

In its opposition memorandum, Plaintiff attempts to persuade this Court that an award of attorneys' fees is proper pursuant to 28 U.S.C. § 1927 under the "objective bad faith" theory presented in *Bell v.Vacuforce, LLC*, 908 F.3d 1075, 1081-82 (7th Cir. 2018).  Indeed, Plaintiff was unable to provide any authority under which attorneys' fees have been granted pursuant to 28 U.S.C. § 1927 in the context of a memorandum in opposition to a motion for judgment on the pleadings, as this type of motion is outside the scope of an award of attorneys' fees under 28 U.S.C. § 1927.  Defendant's Motion acted in place of a motion to dismiss or motion for summary judgment, as Defendant presented this Court with the opportunity to analyze the issues in the instant case pursuant to the pleadings alone.  There is nothing about Defendant's Motion that would or should qualify as "vexatious" within the meaning of 28 U.S.C. § 1927.  Defendant submitted its Motion in good faith with no reckless indifference to the law.

The Seventh Circuit interpreted this statute and determined that "vexatious", within the meaning of the statute, describes conduct that goes beyond what is considered unreasonable and requires that the party act in either subjective or objective bad faith.  *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1184 (7th Cir. 1992).  Section 1927 does not encompass conduct of ordinary negligence, and sanctions under the statute are only warranted when a party "[engages] in a serious and studied disregard for the orderly process of justice."  *Walter v. Fiorenzo*, 840 F.2d 427, 433 (7th Cir. 1988).  Even if this standard has then been met, the decision whether or not to award sanctions, and the amount of sanctions, is solely within the discretion of the District Court.

While Defendant's prayer for judgment on the pleadings may have lengthened the proceedings to some extent, and although Defendant's argument may seem unreasonable when taken within the scope of the way Plaintiff has presented the facts before this Court, Defendant's actions are not vexatious within the meaning of Section 1987.  There is no evidence that Defendant

made its prayer for judgment on the pleadings in bad faith or that Defendant showed either a serious and studied disregard for the orderly process of justice. Section 1987 sets a high bar of misconduct before sanctions may be awarded by the court, and Defendant's actions simply do not reach that threshold.

### III. Conclusion

For the many reasons articulated above, Defendant's Motion is not without merit, as Plaintiff's Complaint does in fact lack the necessary specificity required by Rule 8. Plaintiff's allegations in its Complaint fail to provide enough detail or evidence to effectively put Defendant Frugality on notice.

WHEREFORE, Defendant Frugality respectfully requests that this Court enter an Order of judgment on the pleadings in its favor as to any and all claims made by Plaintiff in its Complaint and for any and all further relief as this Court deems just and proper.

Dated: April 14, 2022                                   Respectfully Submitted,

By:     *s/ Cory Jay Rosenbaum*
(electronically signed)
C.J. Rosenbaum, Esq. *
Rosenbaum, Famularo & Segall PC
138A East Park Avenue
Long Beach, NY 11572
CJR@AmazonSellersLawyer.com
212.256.1109 | NYS Bar #2669133

*Admitted to practice in the State of New York, the Southern Dist. of NY; the Eastern Dist. of NY; and the Northern Dist. of Ill.

### CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was served on Ilya Zlatkin, Esq. at Ilya@ZlatkinWong.com this 14th, day of April, 2022.

*/s/ Cory Jay Rosenbaum*
(electronically signed)