THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAN WANG, | ) | |
| | ) | |
|       *Plaintiff*, | ) | No. 21 CV 1664 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| THE PARTNERSHIPS AND | ) | |
| UNINCORPORATED | ) | |
| ASSOCIATEIONS [SIC] | ) | |
| IDENTIFIED ON SCHEDULE | ) | |
| "A", et al., | ) | |
| | ) | |
|       *Defendants*. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Dan Wang sued Defendants, described collectively as The Partnerships and Unincorporated Associations identified in Schedule A, for operating online stores to sell counterfeit products with counterfeit versions of Plaintiff's trademark ("the Mark"). (Dkt. 1). Plaintiff is seeking injunctive relief and damages for claims of trademark infringement and counterfeiting, false designation of origin, and violation of the Uniform Deceptive Trade Practices Act, 815 ILCS §510, et seq. Frugality, Inc., ("Frugality"), a Defendant in "Schedule A", filed a motion for judgment on the pleadings [91]. Frugality argues Plaintiff failed to allege that Frugality specifically engaged in any unlawful conduct and failed to plausibly plead likelihood of confusion. (Dkt. 91). In response, Wang seeks attorney's fees pursuant to 28 U.S.C. §1927, claiming Frugality's motion "unreasonably and vexatiously" lengthened the proceedings. (Dkt. 94). Both Frugality's motion for judgment on the pleadings and Plaintiff's request for sanctions are denied.

1

## BACKGROUND

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014). On a motion to dismiss under Rule 12(b)(6), the Court accepts the complaint's well-pleaded factual allegations, with all reasonable inferences drawn in the non-moving party's favor, but not its legal conclusions. *See Smoke Shop, LLC v. United States*, 761 F.3d 779, 785 (7th Cir. 2014). Unless otherwise noted, the following factual allegations are taken from Plaintiff's Complaint [1] and are assumed true for purposes of this motion. *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

In 2015, Plaintiff began selling products related to hair care, including essential oils, hair oils, tonics, and nourishers, affixed with a stylized design mark that roughly translates to "JIANGWANG" ("the Mark"). (Dkt. 1 ¶¶ 17, 27). "JIANGWANG" possesses no meaning in a foreign language. (*Id*. at ¶ 17). In 2020, Plaintiff registered the Mark with the United States Patent and Trademark Office on the Principal Register. (*Id*. at ¶¶ 20–21). Plaintiff possesses exclusive rights to the manufacturing, advertising, and sale of any goods identified by the Mark and has not licensed or authorized Defendants to use the Mark. (*Id*. at ¶ 14). Plaintiff sells and markets his products on the website, jiangwang.us. (*Id*. at ¶ 25). Due to the high quality of the products and Plaintiff's substantial investment in the brand, Plaintiff's products developed a positive international reputation, including in the United States. (*Id*. at ¶¶ 18, 24). Customers recognize Plaintiff's products by the Mark and associate the Mark with Plaintiff's brand. (*Id*. at ¶¶ 24, 27).

Defendants are an interrelated group of counterfeiters operating in the People's Republic of China to market imitations of Plaintiff's merchandise on the Internet. (*Id*. at ¶¶ 15, 39).

Defendants sell and market products in the United States and the State of Illinois. (*Id*. at ¶ 45). However, Frugality claims in this Motion to be a United States based business operating out of Milton, Florida and selling products online. (Dkt, 91; Dkt. 28-1). Defendants created online stores on marketplaces, such as Amazon.com and eBay.com, and present themselves as "legitimate resellers" of Plaintiff's products. (Dkt. 1 ¶¶ 38–39). Plaintiff has not authorized or licensed Defendants to use the Mark or sell Plaintiff's products. (*Id*. at ¶ 39). Defendants induce consumers into purchasing counterfeits of Plaintiff's products in various ways. (*Id*. at ¶ 40). "Some Defendants will use [the Mark] . . . in the product description, titles, or the meta tag of their store listings to attract consumers who are searching for [Plaintiff's products]. Other Defendants will reproduce [the Mark] within their product listing images." (*Id*. at ¶ 40).

      Defendants avoid identification by using pseudonyms and false addresses. (*Id*. at ¶ 41). Although Defendants often cannot be identified, the counterfeits sold and the means employed bear numerous similarities, including "using the same payment processors, obfuscated contact information, identically or similarly priced items, incorrect grammar and spellings within the product listings, and the use of the same listing text and images taken from Plaintiff's own storefront." (*Id*. at ¶ 42). Defendants "used and continue to use [the Mark] in connection with the advertisement, distribution, offering for sale, and sale of [counterfeits of Plaintiff's products] into the United States and into Illinois over the Internet." (*Id*. at ¶ 44). Finally, "Defendants' unauthorized use of [the Mark] in connection with the advertising, distribution, offering for sale, and sale of [counterfeits of Plaintiff's products], including with respect to the sale of such products into the United States, including specifically Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff." (*Id*. at ¶ 46).

Plaintiff brings claims for trademark infringement and counterfeiting under 15 U.S.C. §1114 (Count I), false designation of origin in violation of 15 U.S.C §1125(a) (Count II), and violation of the Uniform Deceptive Trade Practices Act, 815 ILCS §510, et seq. (Count III). (*Id*. at ¶¶ 47–65). Plaintiff seeks injunctive relief and damages. (*Id*. at 13–15). This Court granted a temporary restraining order against all Defendants on April 5, 2021. (Dkt. 18). On May 4, 2021, this Court granted a preliminary injunction against all Defendants except Frugality and extended the temporary restraining order against Frugality through May 17, 2021. (Dkt. 30). Frugality moves for judgment on the pleadings. (Dkt. 91).

## **LEGAL STANDARD**

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Adams*, 742 F.3d at 727–28. The only difference between a motion for judgment on the pleadings and a motion to dismiss is timing; the standard is the same. *Federated Mutual Ins. Co. v. Coyle Mechanical Supply Inc.*, 983 F. 3d 307, 313 (7th Cir. 2020). "When a plaintiff moves for judgment on the pleadings, the motion should not be granted unless it appears beyond doubt that the nonmovant cannot prove facts sufficient to support its position, and that the plaintiff is entitled to relief." *Scottsdale Ins. Co. v. Columbia Ins. Grp., Inc.*, 972 F.3d 915, 919 (7th Cir. 2020). In order to succeed, "the moving party must demonstrate that there are no material issues of fact to be resolved." *Coyle Mechanical Supply Inc.*, 983 F.3d at 313 (quoting *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998)). As with a motion to dismiss, the Court must determine whether the complaint states a claim to relief that is plausible on its face, drawing all reasonable inferences in the plaintiff's favor. *Gill v. City of Milwaukee*, 850 F.3d 335, 339 (7th Cir. 2017) (citations omitted).

**DISCUSSION**

I. **Motion for Judgment on the Pleadings**

Frugality moves for judgment on the pleadings based on two arguments. First, Frugality claims the facts pled do not make specific allegations to provide fair notice of the claims against Frugality. (Dkt. 91). Second, Frugality claims the Complaint does not sufficiently plead likelihood of confusion. (*Id.*). Both issues are addressed in turn below.

    a. **Specific Allegations Against Frugality**

Though the Complaint does not mention Frugality by name, Plaintiff pleads plausible facts to provide sufficient fair notice. As a threshold point, referring to defendants collectively is appropriate when the plaintiff alleges that defendants engaged in the same conduct. *Brooks v. Ross*, 578 F.3d 574, 582 (7th Cir. 2009); *see, e.g., Slep-Tone Ent. Corp. v. Coyne*, 41 F. Supp. 3d 707, 714 (N.D. Ill. 2014). Both parties agree Plaintiff sufficiently pled the existence of its trademark. (Dkt. 94; Dkt. 95). The issue is whether Plaintiff provided a sufficient basis for pleading Frugality's unauthorized use of the trademark. Plaintiff's use of the term "Defendants" is properly viewed as applicable to Frugality individually. The facts pled against all Defendants are also pled specifically against Frugality. Plaintiff provides fair notice to Frugality of the claims at issue without mentioning Frugality by name or providing evidence to support the claims.

To satisfy pleading standards, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading requirements do not mandate an elaborate recounting of the facts. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff is not required to plead facts with particularity, and neither party contends that a heightened standard applies to the Complaint. (Dkt. 94; Dkt. 95 at 4 ("Defendant does not argue for or encourage this Court to employ a heightened pleading standard.")); *see, e.g., MGA*

*Ent., Inc. v. Dynacraft BSC, Inc.*, 2018 WL 2448123 at *3 (C.D. Cal. May 30, 2018) ("There is no case in which the heightened [9(b) pleading] standard has been applied to such trademark counterfeiting claims."). Still, mere legal conclusions are insufficient to satisfy the pleading standards. *Brooks*, 578 F.3d at 581. Plaintiff must plead facts sufficient to provide Frugality "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Plaintiff pled sufficient facts, when read in the light most favorable to Plaintiff, to put Frugality on notice. Specifically, Plaintiff pled Frugality created online stores on marketplaces and presented itself as a legitimate reseller of Plaintiff's products, without Plaintiff's license or authorization. (Dkt. 1 ¶¶ 38–39). Frugality induced consumers into purchasing counterfeit versions of Plaintiff's products, namely hair care, including essential oils, hair oils, tonics, and nourishers. (*Id*. at ¶¶ 27, 40). Frugality employed one or more of the following tactics in this endeavor: use of the Mark "in the product description, titles, or the meta tag of [the] store listing" or reproduction of the Mark within its product listing images. (*Id*. at ¶ 40). Frugality argues such language is overly vague. At this stage, it is not fatal to the pleading that it is not specified whether Frugality used the Mark "in the product description, titles, or the meta tag of their store listing" in addition to or instead of "within their product listing images," as any of these would suffice to meet pleading requirements for trademark infringement.

Frugality also allegedly avoids identification by using false names and addresses in its online stores. (*Id*. at ¶ 41). Perhaps most critically, Frugality "used and continue[s] to use [the Mark] in connection with the advertisement, distribution, offering for sale, and sale of [counterfeits of Plaintiff's products] into the United States and into Illinois over the Internet." (*Id*. at ¶ 44). It is not unreasonable that Plaintiff lumped the Defendants together in the Complaint under the

6

premise that Defendants acted in the same manner. When each fact is applied to Frugality individually, Frugality is on notice of the allegations supporting the claims brought against the party. Plaintiff's Complaint provides sufficient notice to Frugality to satisfy the pleading standards. Fed. R. Civ. P. 8.

### b. Likelihood of Confusion

Frugality also claims the Court should grant the motion for judgment on the pleadings since Plaintiff failed to show likelihood or evidence of consumer confusion. (Dkt. 91). Plaintiff specifically asserted that Frugality's unauthorized use of the Mark "in connection with the advertising, distribution, offering for sale, and sale of [counterfeit products] . . . has caused confusion, mistake, and deception by and among consumers . . .." (Dkt. 1 ¶ 46). To determine if likelihood of confusion exists, the Court weighs seven factors: "(1) the similarity between the marks in appearance and suggestion; (2) the similarity of the products; (3) the area and manner of concurrent use; (4) the degree of care likely to be exercised by consumers; (5) the strength of the plaintiff's mark; (6) any actual confusion; and (7) the intent of the defendant to 'palm off' his product as that of another." *AutoZone, Inc. v. Strick*, 543 F.3d 923, 929 (7th Cir. 2008) (citing *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 642 (7th Cir. 2001)); *see also Sorensen v. WD-40*, 792 F.3d 712, 726 (7th Cir. 2015). The absence of one or more factors is not fatal to likelihood of confusion, and courts may weigh factors at their discretion. *AutoZone, Inc.*, 543 F.3d at 929. However, "similarity of the marks, the intent of the defendant, and evidence of actual confusion" are "especially important." *Sorensen*, 792 F.3d at 726. The question of likelihood of confusion is a fact-intensive analysis, and at this stage, the Court need only determine whether Plaintiff pled facts which could plausibly result in finding likelihood of confusion. *See, e.g., Slep-Tone Entm't Corp.*, 41 F. Supp. 3d at 715.

Plaintiff met the first factor, similarity of the marks, by pleading Frugality uses identical marks in advertising products. (Dkt. 1 ¶¶ 16, 40, 44); *see, e.g., Mighty Deer Lick, Inc. v. Morton Salt, Inc.*, 2020 WL 635904 at *7 (N.D. Ill. Feb. 11, 2020). Plaintiff also meets pleading requirements for the second factor, similarity of the products. Similarity of products is satisfied when the products of the parties "are the kind the public might very well attribute to a single source." *AutoZone, Inc.*, 543 F.3d at 928 (quoting *Eli Lilly & Co. v. Natural Answers, Inc.*, 223 F.3d 456, 463 (7th Cir. 2000); *see also KJ Korea, Inc. v. Health Korea, Inc.*, 66 F. Supp. 3d 10005, 1015–16 (N.D. Ill. 2014) (second factor satisfied where plaintiffs alleged "both Plaintiffs and Defendants produce nutritional supplements, massage apparatuses, and health food products in association with their respective marks"). Plaintiff claims "Defendants enable and facilitate sales" of counterfeits of Plaintiff's products by disguising their online stores as "legitimate resellers." (Dkt. 1 ¶ 39). The allegation that Frugality sells counterfeits of Plaintiff's products by posing as a "legitimate reseller" suffices to support the claim that Frugality markets similar products to Plaintiff.

The third factor, area and manner of concurrent use, may be satisfied following a determination as to whether "there is a relationship in use, promotion, distribution, or sales between the goods or services of the parties." *Ty, Inc. v. Jones Grp., Inc.*, 237 F.3d 891, 900 (7th Cir. 2001) (quoting *Forum Corp. of N. America v. Forum, Ltd.*, 903 F.2d 434, 442 (7th Cir. 1990)). Specifically, courts examine (1) "the relative geographical distribution areas," (2) "whether there exists evidence of direct competition between the products," (3) "whether the products are sold to consumers in the same type of store," (4) "whether the products are sold in the similar section of a particular store," and (5) "whether the product is sold through the same marketing channels . . . ." *Id*. at 900 (internal citations omitted). Plaintiff alleges both parties sell their products in the

8

United States. (Dkt. 1 ¶¶ 15, 24). The parties also market their products in the "same type of store" since both sell their products via online stores. (*Id.* at ¶¶ 15, 25). Furthermore, Frugality's alleged portrayal of itself as a reseller of Plaintiff's products as well as sale and advertisement of counterfeits of Plaintiff's products demonstrates that Frugality likely attracts similar customers as Plaintiff. (*Id.* at ¶ 39). Plaintiff claims the activities of Defendants are employed "to attract consumers who are searching for [Plaintiff's products]." (*Id.* at ¶ 40). Since the parties purportedly target the same customers, operate in the same geographic area, and conduct business online, the third factor is plausibly satisfied.

On the fifth factor, "[t]he strength of a mark usually corresponds to its economic and market strength." *AutoZone, Inc.*, 543 F.3d at 933 (citing *Sullivan v. CBS Corp.*, 385 F.3d 772, 777 (7th Cir. 2004). Plaintiff spent "substantial resources, time, money, and commercial efforts in order to establish the goodwill of Plaintiff's Products and [the Mark]," resulting in the Mark's "widespread acceptance and recognition among the consuming public and throughout [the United States] . . .." (Dkt. 1 ¶¶ 11, 26). Plaintiff also asserts that the Mark is "exclusively" associated with Plaintiff's products, and members of the public have become familiar with Plaintiff's products. (*Id.* at ¶ 13). Plaintiff pleads fact sufficient to plausibly meet the fifth factor.

Finally, Plaintiff plausibly pled facts to support the seventh factor, defendant's intent. Intent to "palm off" products as having come from another is determined by whether Frugality's actions constitute a bad faith attempt to disguise its products as Plaintiff's. *Sorensen*, 792 F.3d at 731. Plaintiff plainly asserts Frugality "used and continue[s] to use [the Mark] in connection with the advertisement, distribution, offering for sale, and sale of [counterfeits of Plaintiff's products] into the United States and into Illinois over the Internet." (Dkt. 1 ¶ 44). Plaintiff also alleges facts about the methods used by Defendants "to deceive unknowing consumers," including using the

9

Mark "in the product description, titles, or meta tag of their store listings to attract consumers who are searching for" Plaintiff's products or reproducing the Mark within their product listing images. (*Id*. at ¶ 40). At this stage in the litigation, Plaintiff pleads sufficient facts to plausibly allege the seventh factor.

It is inappropriate for the Court to determine whether the likelihood of confusion element is met at this stage. However, the Court finds Plaintiff plausibly pled facts, when read in the light most favorable to the Plaintiff, to support five of the seven factors for likelihood of confusion. The weight of the factors supports a possibility of success in finding likelihood of confusion.

## II. Attorney's Fees

Although Plaintiff pled sufficient facts to survive a motion for judgment on the pleadings, Plaintiff is not entitled to attorney's fees. An attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Sanctions may be appropriate when an attorney acts in bad faith. *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1185 (7th Cir. 1992). Plaintiff asks this Court to find Frugality acted in objective bad faith by pursuing "a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound." *Bell v. Vacuforce, LLC*, 908 F.3d 1075, 1081–82 (7th Cir. 2018) (quoting *Boyer v. BNSF Ry. Co.*, 824 F.3d 694, 708 (7th Cir. 2016)); (Dkt. 94).

Examples of bad faith conduct are "harassment, unnecessary delay, needless increase in the cost of litigation, willful disobedience, [or] recklessly making a frivolous claim." *Mach v. Will County Sheriff*, 580 F.3d 495, 501 (7th Cir. 2009) (citing *Stive v. United States*, 366 F.3d 520, 521-22 (7th Cir. 2004) (collecting cases)). There is a subjective and objective component of bad faith conduct. *Mach*, 580 F.3d at 501. However, subjective bad faith is only shown "if the conduct

under consideration has an objectively colorable basis." *Dal Pozzo v. Basic Machinery Co., Inc.*, 463 F.3d 609, 614 (7th Cir. 2006). Objective bad faith is satisfied if an attorney demonstrates "a reckless indifference to the law." *Id*. The authority to issue sanctions, in particular the assessment of attorney's fees, "is undoubtedly within a court's inherent power." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991). There is no significant argument that Frugality's motion is unreasonable or that it demonstrates bad faith. The Court will not impose sanctions on Frugality for filing a motion for judgment on the pleadings at this preliminary stage in litigation.

## CONCLUSION

For the reasons discussed, Frugality's motion for judgment on the pleadings [91] is denied. Plaintiff pled sufficient facts to provide Frugality fair notice and to demonstrate likelihood of confusion. However, contrary to the request by Plaintiff, attorney's fees will not be awarded.

_____
Virginia M. Kendall
United States District Judge

Date: July 6, 2022

11